ORBI, S.A., Plaintiff,

v.

CALVESBERT & BROWN, et al., Defendants.

Civ. No. 96–1892(SEC).

United States District Court, D. Puerto Rico.

Aug. 14, 1998.

---

**290**

John F. Nevares, Smith & Nevares; San Juan, PR, for Plaintiff.

Héctor F. Oliveras–Betances, Luis Sánchez–Betances, Paul E. Calvesbert–Borgos, Edificio El Caribe, San Juan, PR, Rafael Fuster–Martínez, Ponce, Iván M. Fernández, Marcos Valls–Sanchez, Alfonso Miranda–Cardenas & José E. O'Neill–Font, San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is co-defendant Puerto Rico American Insurance Company's ("PRAICO") Motion for Summary Judgment (**Docket# 73**). Said motion remains unopposed. For the reasons stated below in this Opinion and Order, PRAICO's Motion for Summary Judgment (**Docket # 73**) is **GRANTED** and all claims against co-defendant PRAICO are **DISMISSED**.

**Factual Background**

Because the scope of this motion is very limited, and because we delved extensively into this case's factual predicate in a previous Opinion and Order dated August 18, 1997 (Docket # 48), we shall limit our recounting of the facts to those that are relevant to the disposition of the instant motion.

Plaintiff, Orbi, S.A., filed the above-captioned diversity action on July 23, 1996, seeking damages against Calvesbert & Brown, a civil partnership dedicated to the practice of law, under the laws of the Commonwealth of Puerto Rico, for alleged legal malpractice. Plaintiff also originally sued Calvesbert & Brown's insurance company, American International Insurance Company of Puerto Rico, pursuant to the provisions of the Puerto Rico Direct Action Statute, 26 L.P.R.A. § 2003. On April 30, 1997 plaintiff filed a second amended complaint, where, for the first time, it also sued PRAICO, the party herein requesting summary judgment in its favor, as a party also directly liable to plaintiff under 26 L.P.R.A. § 2003.

Defendant PRAICO seeks summary judgment before this Court, claiming that even though it had issued a legal malpractice insurance policy in favor of defendant Calvesbert & Brown that was valid at the time of the alleged malpractice, said policy is what is termed a "claims-made" policy, which only covers claims that are first made against the insurance company while the policy is in force.

It is an undisputed fact that the lawyers' liability insurance policy that PRAICO issued in favor of Calvesbert & Brown (Policy # GLA 6845607) was effective until December 7, 1991 (**Docket # 73, Exhibit 1**). It is also an undisputed fact that PRAICO never received notice of the pending claims against Calvesbert & Brown until May 15, 1997 when it was served with the summons for the second amended complaint in this action (**Docket # 73, Exhibit 2**). Furthermore, Mr. Harvey L. Finkel, plaintiff's General Manager, stated in a deposition that the first time that plaintiff made any claims against any of the appearing co-defendants, relating

to this action, was through a letter dated December 1, 1994, that is, almost three years after the policy had expired (**Docket # 73, Exhibit 3**).

In light of the fact that the policy in force at the time of the alleged legal malpractice was a "claims-made" policy which expired at least three years before the time that the first claim was made to any party to this action, PRAICO requests summary judgment in its favor.

### Summary Judgment Standard

The First Circuit has recently noted that: [s]ummary judgment is a means of determining whether a trial is actually required. It is appropriately granted when the record shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Thus, in order to defeat a properly crafted summary judgment motion, the party opposing it must demonstrate that a trialworthy issue looms as to a fact which could potentially affect the outcome of the suit. *Serapión v. Martinez*, 119 F.3d 982 (1st Cir. 1997). *See also McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995).

In determining whether to grant a summary judgment, the Court may not weigh the evidence. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668 (1st Cir.1994). Summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." *Id.citing Greenburg v. Puerto Rico Maritime Shipping Authority*, 835 F.2d 932, 936 (1st Cir.1987). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. *Casas Office Machines*, 42 F.3d at 684.

The mere existence of a factual dispute is not, however, enough to defeat summary judgment. *United Structures of America, Inc. v. G.R.G. Engineering, S.E.*, 927 F.Supp. 556, 560 (D.P.R.1996). In those cases where there are factual disputes, summary judgment will be deemed proper if the unresolved facts are not genuine and material to the resolution of the case. *Corporacion Insular de Seguros v. Reyes Munoz*, 849 F.Supp. 126, 132 (D.P.R.1994). For a dispute to be "genuine", "the factual controversy 'must be sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side'." *Lynne Woods–Leber v. Hyatt Hotels of Puerto Rico, Inc.*, 124 F.3d 47 (1st Cir. 1997). *See also U.S. v. One Parcel of Real Property*, 960 F.2d 200, 204 (1st Cir.1992); *Boston Athletic Assn. v. Sullivan*, 867 F.2d 22, 24 (1st Cir.1989). By like token, for a dispute to be deemed "material," the fact must be one that might affect the outcome of the suit under the governing law. *Morris v. Government Development Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir.1994).

Plaintiffs, in failing to oppose the motion for summary judgment, have also failed to comply with the so-called "anti-ferret rule"; that is, they have not presented a concise statement of material facts as to which there is a genuine issue to be tried, as required by Local Rule 311.12.[1] This Court has previously expressed that "[w]hen a party opposing a motion for summary judgment fails to comply with [the foregoing] 'anti-ferret rule,' the statement of material facts filed by the party seeking summary judgment [shall be] deemed... admitted." *Mendez Marrero v. Toledo*, 968 F.Supp. 27 (D.P.R.1997), *referring to Dominguez v. Eli Lilly & Co.*, 958 F.Supp. 721, 727 (D.P.R. 1997). *See also Tavarez v. Champion Products, Inc.*, 903 F.Supp. 268, 270 (D.P.R.1995).

---

**1.** Local Rule 311.12 provides that:

[u]pon any motion for summary judgment, there shall be served and filed annexed to the motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record. All material facts set forth in the statement required to be served by the moving party shall be deemed to be admitted unless controverted by the statement required to be served by the opposing party. The papers opposing a motion for summary judgment shall include a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record.

Otherwise, the Court would be forced to search "through the entire record for evidence of genuine issues of material fact which might preclude the entry of summary judgment." *Mendez Marrero,* 968 F.Supp. at 34, *referring to Stepanischen v. Merchants Despatch Transp. Corp.,* 722 F.2d 922, 930–31 (1st Cir.1983). Although the non-movant's failure to provide a statement of uncontested material facts does not automatically warrant the granting of summary judgment, "it launches the non-movant's case down the road towards an easy dismissal." *Id.*

Such is the scenario in the present case. Because plaintiffs have failed to oppose the present motion, they have violated the anti-ferret rule. Accordingly, all material facts set forth in defendant's statement of undisputed material facts shall be deemed admitted. *Rivas v. Federacion de Asociaciones Pecuarias,* 929 F.2d 814, 816 n. 2 (1st Cir. 1991); *Laracuente v. Chase Manhattan Bank,* 891 F.2d 17, 19 (1st Cir.1989). Thus, we need only examine whether given the facts, the movant is entitled to judgment as a matter of law.

### Applicable Law—"Claims-made" Insurance Policies

 In *Torres v. Estado Libre Asociado,* 92 JTS 68, the Supreme Court of Puerto Rico upheld the validity of "claims-made" insurance policies, such as the one that is the subject of the instant controversy. In that case, the Court stated that

A professional liability policy may be, according to its terms, an "occurrence" policy, or a "discovery" policy, commonly known in English as "claims-made" policy... The difference between both policies is that the first protects the insured from liability for any negligent act or omission incurred during the policy period, regardless of the moment that the claim is made; **while the latter protects the insured only against the claims made and brought to the attention of the insurance company during said policy period.**

*Id.* at 9549, *citations omitted, emphasis ours, translation ours.*

The Court further went on to hold that "claims-made policies do not constitute any violation of public policy and that the requirement that the claim be notified within the coverage period of said policies... is an integral part of the risk foreseen and assumed by the insurance company. Therefore, if said requirement is not complied with the insured event does not arise and consequently, the insurance company does not have any obligation to grant coverage ." *Id.* at 9551, *translation ours.* In this opinion, the Supreme Court of Puerto Rico clearly upheld the validity of "claims-made" policies such as the one at issue in this controversy, holding that any claims made against an insurance company after the coverage period of a "claims-made" policy were untimely and thus could not proceed against the insurance company.

### Analysis

 Because there are no genuine issues of material fact in this case, our task of applying the law is a rather simple one. PRAICO issued a "claims-made" policy in favor of co-defendant Calvesbert & Brown which expired on December 7, 1991. No claim for the damages asserted in this action was brought against PRAICO until May 15, 1997. Prior to that, no claim had been brought against any co-defendant in this action before 1994. Therefore, it is clear that plaintiffs did not present a claim against PRAICO within the time provided for in the insurance policy at issue. Under the law, PRAICO is immune from suit for any claims raised against it under this policy that were not brought to its attention prior to December 7, 1991. Thus, in this instance PRAICO is clearly entitled to judgment as a matter of law.

### Conclusion

Pursuant to the above, co-defendant PRAICO's Motion for Summary Judgment (**Docket # 73**) is **GRANTED** and all claims pending against it in this action are **DISMISSED.** Partial judgment will be entered accordingly.

**SO ORDERED.**