**Edwin DESIDERIO–ORTIZ, et al. Plaintiffs**

v.

**Bartolomé FRONTERA–SERRA, et al. Defendants**

No. Civ. 01–2226SEC.

United States District Court, D. Puerto Rico.

May 10, 2005.

Ivan M. Castro–Ortiz, Eliezer Aldarondo–Ortiz, Claudio Aliff–Ortiz, Aldarondo & Lopez Bras, Hato Rey, PR, Samuel A. Silva–Rosas, San Juan, PR, for Plaintiffs.

Maria S. Kortright–Soler, Jo–Ann Estades–Boyer, Commonwealth Department Of Justice Federal Litigation Division, San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is Defendants' motion for summary judgment of Co-plaintiff José Fuentes–López's claims against them (**Docket # 69**).[1] Co-plaintiff Fuentes–López has failed to file an opposition and the time allotted for doing so has expired.[2]

---

1. Defendants have filed their request for summary disposition of Co-plaintiff Fuentes–López's claims in both their official and individual capacities.

2. Defendants' sought leave to file a dispositive motion on December 29, 2004 (Docket # 64). Said leave was granted on January 18, 2005 (Docket # 66). Thereafter, Defendants filed their motion on January 21, 2005 (Docket # 69). Plaintiffs' attorneys then requested, and were granted, leave to withdraw from legal representation (Docket # 73 & 74) and Plaintiffs were instructed to announce new legal representation within the next thirty (30) days. On February 25, 2005 Counsel Armando Cardona–Estelritz assumed representation of all remaining Plaintiffs in this matter (Docket # 77). On said date, the Court specifically ordered that "Counsel for Plaintiffs is granted thirty (30) days to familiarize himself

After reviewing the case record and the applicable law, for the reasons set herein, Defendants' motion will be **GRANTED.**

## Factual Background

Co-plaintiff Fuentes–López is a former transitory employee of the Office of Superintendence of the Capitol. Co-plaintiff Fuentes–López's position was Plumber II (Docket # 32 at ¶ 19(a)). Co-plaintiff Fuentes–López alleges that on March 2, 2001 he was handed a letter informing him that his employment was terminated, effective March 31, 2001 (Docket # 32 at ¶ 19(b)), and that he was terminated due to his affiliation to the New Progressive Party (Docket # 19 at ¶ 19(e)). Based on the foregoing, Co-plaintiff Fuentes–López filed the instant action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his rights under the First Amendment to the United States Constitution and Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §§ 5141–5142. Thereafter, Defendants in their official and individual capacities filed the present motion for summary judgment seeking dismissal of Co-plaintiff Fuentes–López's claim alleging that: (1) Co-plaintiff Fuentes–López has failed to put forth a *prima facie* case of political discrimination; (2) Co-plaintiff Fuentes–López's position as Plumber II has not been filled since the termination of his contract; and (3) Co-plaintiff Fuentes–López's non-renewal was due to a business necessity (Docket # 69).

## Standard of Review

Fed.R.Civ.P. 56(b) provides that: "A party against whom a claim ... is asserted ... may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part [of the claims asserted against

him/her]." The Court may grant the movant's motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202(1986); *NASCO, Inc. v. Pub. Storage, Inc.,* 29 F.3d 28 (1st Cir.1994). "The principal judicial inquiry required by Rule 56 is whether a genuine issue of material fact exists." Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2725, p. 401.

In this regard, the First Circuit Court of Appeals has noted that for a dispute to be "genuine," there must be sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the non-moving party. *U.S. v. One Parcel of Real Prop.,* 960 F.2d 200, 204 (1st Cir.1992); *see also Boston Athletic Assn. v. Sullivan,* 867 F.2d 22, 24 (1st Cir.1989); *Medina–Munoz v. R.J. Reynolds Tobacco,* 896 F.2d 5, 8 (1st Cir.1990) ("[a] 'genuine' issue is one that must be decided at trial because the evidence, viewed in the light most favorable to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either party.") (citations omitted).

By like token, "material" means that the fact is one that might affect the outcome of the suit under the governing law. *Morris v. Gov't Dev. Bank of P.R.,* 27 F.3d 746, 748 (1st Cir.1994). "A fact is material if it tends to resolve any of the issues that have been properly raised by the parties." Wright, Miller & Kane, *supra,* § 2725 at p.

with the instant case. Thereafter, Plaintiffs' Counsel shall have ten (10) days to file its opposition to Defendants' motion for summary judgment." (Docket # 78). More than

two (2) months have passed and Co-plaintiff Fuentes–López has not filed his opposition. Thus, the Court deems Defendants' motion for summary judgment unopposed.

419. "Not every genuine factual conflict necessitates a trial. It is only when a disputed fact has the potential to change the outcome of the suit under the governing law if found favorably to the nonmovant that the materiality hurdle is cleared." *Martinez v. Colon*, 54 F.3d 980, 983–84 (1st Cir.1995).

In addition, when determining whether to grant summary judgment, the Court may not weigh the evidence. *Casas Office Machs., Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668 (1st Cir.1994). Summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." *Id.* (*citing Greenburg v. P.R. Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir.1987)). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. *Casas Office Machs.*, 42 F.3d at 684.

While the moving party has the burden of initially establishing that there is "an absence of evidence to support the nonmoving party's case," *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1984); the nonmovant has a "corresponding obligation to offer the court more than steamy rhetoric and bare conclusions." *Lawton v. State Mut. Life Assurance Co. of Am.*, 101 F.3d 218, 223 (1st Cir.1996). Furthermore, "the nonmovant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trialworthy issue.... Failure to do so allows the summary judgment engine to operate at full throttle." *Id.*; *see also Kelly v. United States*, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); *Medi-na–Munoz*, 896 F.2d at 8, (*quoting Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.")

Local Rule 56(b), moreover, requires the moving party to file annexed to the motion "a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." Unless the non-moving party controverts this statement, all the material facts set forth therein "shall be deemed to be admitted." *Id.*; *Cosme–Rosado v. Serrano-Rodriguez*, 360 F.3d 42 (1st Cir.2004). This is the so-called "anti-ferret rule." *See, e.g., Orbi, S.A. v. Calvesbert & Brown*, 20 F.Supp.2d 289, 291 (D.P.R.1998). While failure to comply with this rule does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road toward an early dismissal." *Tavarez v. Champion Prods., Inc.*, 903 F.Supp. 268, 270 (D.Puerto Rico 1995).

In a recent opinion, the First Circuit reaffirmed the validity of the well-known anti-ferret rule previously codified at Local Rule 311.12. *Cosme–Rosado*, 360 F.3d 42, 45 (noting that "parties ignore [it] at their peril") (*quoting Ruiz–Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir.2000) (citations omitted)). As such, the Court is not required to "ferret through the record" lurking for facts that may favor the parties when those facts were not proffered as required by Local Rule 56©. *Morales v. Orssleff's EFTF*, 246 F.3d 32, 33 (1st Cir.2001). Because Co-plaintiff Fuentes–López has failed to oppose Defendants' motion for summary judgment, Defendants' statement of uncontested material facts is

deemed admitted. Accordingly, the following material facts are uncontested:

1. The Plaintiff in this case Mr. Jose Fuentes was hired by the Superintendence of the Capitol as a Plumber II on August 2, 2000.

2. Mr. Fuentes is a Plumber.

3. Mr. Fuentes' position was temporary or transitory at all relevant times to this action.

4. Mr. Fuentes ['] contract was set to expire on March 31, 2001.

5. On March 2, 2001 Mr. Fuentes received a letter informing him of the expiration of his contract on March 31, 2001.

6. Mr. Fuentes had also received letters of termination of previous contracts on June 2, 2000 and December 1, 2000 and such letters used the exact same language of the March 2, 2001 letter.

7. Mr. Fuentes' contract was not renewed after March 31, 2001.

8. After Mr. Fuentes' contract expired the Superintendent of the Capitol did not again authorize the contracting of another Plumber II due to lack of necessity.

9. When Mr. Fuentes' contract expired there were other Plumbers who were regular permanent employees.

10. To this date Mr. Fuentes has not been replaced by the Superintendence of the Capitol.

11. When Mr. Fuentes' contract expired the Superintendent of the Capitol determined that the services of a temporary Plumber were not needed.

(Docket # 69 SUF Nos. 1–11).

**Applicable Law and Analysis**

**I. Section 1983**

 Section 1983 in itself does not confer substantive rights, but provides a venue for vindicating federal rights else-where conferred. *See Graham v. M.S. Connor,* 490 U.S. 386, 393–394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In order to establish liability under Section 1983, a plaintiff must first show that "the conduct complained of was committed by a person acting under color of state law." *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 559 (1st Cir.1989); *Saugus v. Voutour,* 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986); *Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir.1985).

 Second, a plaintiff must show that the defendant's conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *See Parratt,* 451 U.S. at 535, 101 S.Ct. 1908; *Gutierrez–Rodriguez,* 882 F.2d at 559. This second prong has two aspects: (1) there must have been an actual deprivation of the plaintiff's federally protected rights; and (2) there must have been a causal connection between the defendant's conduct and the deprivation of the plaintiff's federal rights. *Gutierrez–Rodriguez,* 882 F.2d at 559; *Voutour,* 761 F.2d at 819. In turn, this second element of causal connection requires that the plaintiff establish: (1) for each defendant, that the defendant's own actions deprived the plaintiff of his/her protected rights, *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 n. 58, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gutierrez–Rodriguez,* 882 F.2d at 562; *Figueroa v. Aponte–Roque,* 864 F.2d 947, 953 (1st Cir.1989); and (2) that the defendant's conduct was intentional, *Simmons v. Dickhaut,* 804 F.2d 182, 185 (1st Cir.1986), grossly negligent, or amounted to a reckless or callous indifference to the plaintiff's constitutional rights. *See Gutierrez–Rodriguez,* 882 F.2d at 562.

## A. First Amendment—Political Discrimination

▮ Political discrimination restrains freedom of belief and association, core activities protected by the First Amendment. *See Elrod v. Burns*, 427 U.S. 347, 354, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). To prevail on a political discrimination claim against Defendants, Co-plaintiff Fuentes–López must establish that he: 1) engaged in constitutionally protected conduct; and 2) that this conduct was a substantial or motivating factor in an adverse decision affecting him. *See Mt. Healthy City Sch. Dist. Bd. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Padilla–Garcia v. Rodriguez*, 212 F.3d 69, 74 (1st Cir.2000). To meet this burden, Co-plaintiff Fuentes–López must show that there is a causal connection linking Defendants' conduct to his political beliefs. *See LaRou v. Ridlon*, 98 F.3d 659, 662 (1st Cir.1996). If Co-plaintiff Fuentes–López meets this burden, then Defendants have the opportunity to demonstrate, by a preponderance of the evidence, that the alleged adverse actions taken against Co-plaintiff Fuentes–López would have occurred even in the absence of his protected conduct. *See Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. 568.

▮ Political discrimination cases carry the implicit, yet obvious requirement that defendants have knowledge of the plaintiff's political affiliation. *See Vazquez–Valentin v. Santiago–Diaz*, 385 F.3d 23 (1st Cir.2004)(reversing a jury verdict for the plaintiff finding that the plaintiff had failed to adduce sufficient evidence for the jury to reasonably infer that the plaintiff's political affiliation was a substantial or motivating factor in the adverse employment action). *See also Laskaris v. Thornburgh*, 733 F.2d 260, 265 (3rd Cir.1984)(finding that there was insuffi-cient evidence to show that the defendants knew that the plaintiffs were Democrats).

▮ It has been well settled that, except for policymaking/confidential positions, all government employees are protected from discharge from their positions on the basis of their political affiliation. *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). This protection is afforded to career employees, trust employees, and independent contractors. *See Guillemard Gionorio v. Contreras Gomez*, 322 F.Supp.2d 153, 161 (D.Puerto Rico 2004)(*citing O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712, 116 S.Ct. 2353, 135 L.Ed.2d 874 (1996)("protections generally afforded to public employees against being discharged for refusing to support political party or its candidates also extend to independent contractors")). Furthermore, the law is clear in that said protection also extends to public transitory employees. *Nieves–Villanueva v. Soto–Rivera*, 133 F.3d 92, 98 (1st Cir.1997) (stating that "the fact that a transitory employee does not have a reasonable expectation of renewal in his or her employment that would require due process protections does not defeat a First Amendment claim."); *Figueroa v. Aponte–Roque*, 864 F.2d 947, 951–52 (1st Cir.1989) (transitory employees are protected from politically-motivate non-renewals). As such, a transitory employee's contract cannot be terminated, or unrenewed, on the basis of the employee's political affiliation.

▮ In the case at bar, Defendants aver that summary disposition of Co-plaintiff Fuentes–López's First Amendment claim is appropriate since Co-plaintiff Fuentes–López has not pointed to any evidence indicating that Defendants knew of his political affiliation or that said affiliation was a motivating factor for the non-renewal of his contract (Docket # 69 at p. 4). Defendants further contend that Co-

plaintiff Fuentes–López has not presented any evidence of a causal connection between Defendants' alleged discriminatory conduct and his political affiliation (Docket # 69 at pp. 4–5). We agree. Co-plaintiff Fuentes–López's case rests solely on his bare and conclusory allegations incorporated in the Amended Complaint (Docket # 32 at ¶ 19).

In support for their contentions Defendants have included three letters, including the final letter dated March 2, 2001, in which Co-plaintiff Fuentes–López was notified of the termination of his contract (Docket # 69, Exs. 4–6). These letters, given to Co-plaintiff Fuentes–López at different points in time, use the exact same language in providing Co-plaintiff with an explanation for his termination (i.e. termination of appointment) (Docket # 69, SUF No. 6). None of these letters make any reference to Co-plaintiff Fuentes–López political affiliation.

Defendants further explain, and it remains undisputed, that the reason Co-plaintiff Fuentes–López's contract was not renewed after March 31, 2001 was that there ceased to be a need for his services (Docket # 69, SUF No. 7 Exs. 7 & 8). Nowhere in the record is there evidence pointing to Defendants' discriminatory animus. Instead, evidence shows that there were two permanent plumbers in the Superintendence, namely Mr. Héctor Rivera and Mr. Julio De Jesús, and there was no need for a third one (Docket # 69, Exs. 7 & 8). Lastly, Defendants have presented evidence, and it remains undisputed, that Co-plaintiff Fuentes–López's position as a Plumber in the Superintendence has remained vacant after the termination of Co-plaintiff's contract (Docket # 69, SUF No. 10).

Considering that Co-plaintiff Fuentes–López's final Notice of Appointment had an expiration date of March 31, 2001 (Docket # 69, SUF No. 4 Ex. 3) and that there is not a shred of evidence pointing to Defendants' discriminatory animus in his non-renewal, we find that Co-plaintiff Fuentes–López's conclusory allegations are insufficient to create an issue of fact which would impede the adjudication of his political discrimination claims via summary judgment. "The law is crystal clear ... that proving a causal link between a challenged personnel action and an asserted political animus requires more than merely juxtaposing a person's political affiliation with the fact that he arguably was treated unfairly." *Negron–Torres v. State Ins. Fund Corp.*, 18 Fed.Appx. 7, 10 (1st Cir. 2001) (*citing Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 58 (1st Cir. 1990)). Co-plaintiff Fuentes–López has failed to connect the alleged adverse actions against him with his political affiliation. Thus, Defendants' motion for summary judgment is hereby **GRANTED** and Co-plaintiff Fuentes–López's claim for political discrimination will be **DISMISSED WITH PREJUDICE**.

## II. Supplemental Law Claims

Having dismissed Co-plaintiff Fuentes–López's federal claim, we will similarly dismiss his Commonwealth law claims. *See Newman v. Burgin*, 930 F.2d 955, 963 (1st Cir.1991)("[t]he power of a federal court to hear and to determine state-law claims in non-diversity cases depends upon the presence of at least one 'substantial' federal claim in the law suit."). Accordingly, Co-plaintiff Fuentes–López's supplemental law claims under Articles 1802 and 1803 of the Puerto Rico Civil Code will be **DISMISSED WITHOUT PREJUDICE**.

## Conclusion

For the reasons set forth herein, Co-plaintiff Fuentes–López's political discrimi-

nation claim pursuant to the First Amendment to the United States Constitution is hereby **DISMISSED WITH PREJUDICE.** Co-plaintiff Fuentes–López's supplemental law claims under the laws of the Commonwealth of Puerto Rico are hereby **DISMISSED WITHOUT PREJUDICE.** Partial Judgment shall be entered accordingly.

**SO ORDERED.**