**Evelyn E. MARINA AGUILA, Plaintiff,**

v.

**DEN CARIBBEAN, INC.,
et al., Defendants.**

**Civil No. 04–2212 (GAG–MEL).**

United States District Court,
D. Puerto Rico.

May 25, 2007.

Hector M. Alvarado–Tizol, San Juan, PR, for Plaintiff.

Frances R. Colon–Rivera, Francisco M. Viejo–Lopez, Saldana & Carvajal, P.S.C., San Juan, PR, for Defendants.

**OPINION & ORDER**

GELPI, District Judge.

Plaintiff Evelyn E. Marina Aguila's ("Marina") action against Co-defendant American International Insurance Company ("AIICO" or "the Insurer") is predicated upon an insurance policy that AIICO issued to Den Caribbean, Inc. ("Den Caribbean" or "the Insured") which allegedly provided coverage for the employment discrimination claims asserted in Marina's amended complaint.[1] Marina's amended complaint alleges that she suffered discrimination in the form of sexual harassment while she was employed with Den Caribbean. Presently before the court is AIICO's motion for summary judgment (Docket No. 58) and Marina's opposition thereto (Docket No. 63). After reviewing the relevant facts and applicable law, the court **GRANTS** AIICO's motion for summary judgment (Docket No. 58).

## I. Summary Judgment Standard & Local Rule 56

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "An issue is genuine if 'it may reasonably be resolved in favor of either party at trial', and material if it 'posses[es] the capacity to sway the outcome of the litigation under the applicable law.'" *Iverson v. City of Boston,* 452 F.3d 94, 98 (1st Cir.2006) (alteration in original) (citations omitted).

---

1. Puerto Rico law permits an individual sustaining damages to assert a direct action against a liability insurer. P.R. Laws Ann. tit. 26, § 2003.

The moving party bears the initial burden to demonstrate the lack of evidence to support the non-moving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. In order to defeat summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-moving party may not rely merely upon "conclusory allegations, improbable inferences, and unsupported speculation." *Forestier Fradera v. Municipality of Mayagüez,* 440 F.3d 17, 21 (1st Cir.2006) (quoting *Benoit v. Technical Mfg. Corp.,* 331 F.3d 166, 173 (1st Cir.2003)). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When considering a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences. *Id.* at 255. Additionally, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. *Id.*

Local Rule 56(b) requires a party moving for summary judgment to file "a separate, short, and, concise statement of material facts ... as to which the moving party contends there is no genuine issue of material fact to be tried." Local Rule 56(b). The movant must support each statement with a citation to the record. *Id.* The nonmovant has a corresponding obligation to submit with its opposition "a separate, short, and concise statement of material facts" in which it admits, denies, or qualifies the moving party's facts with reference to each numbered paragraph of the moving party's statement. Local Rule 56(c). Additionally, the nonmoving party must support each denial or qualification with a record citation. *Id.* While a non-

movant's failure to comply with this rule does not automatically warrant the granting of summary judgment, "parties ignore [the rule] at their peril." *Ruiz Rivera v. Riley,* 209 F.3d 24, 28 (1st Cir.2000). The First Circuit has repeatedly held that the district court is justified in deeming one party's submitted uncontested facts to be admitted when the other party fails to file an opposition in compliance with Local Rule 56. *See, e.g., Fontanez–Nunez v. Janssen Ortho LLC,* 447 F.3d 50, 55 (1st Cir.2006); *Torres–Rosado v. Rotger–Sabat,* 335 F.3d 1, 4 (1st Cir.2003); *Corrada Betances v. Sea–Land Serv., Inc.,* 248 F.3d 40, 43–44 (1st Cir.2001); *see also* Local Rule 56(e) (declaring facts not properly controverted "shall be deemed admitted").

In this case, AIICO fully complied with Local Rule 56(b) by filing a separate statement of uncontested facts with proper references to the record. *See* Docket No. 57. AIICO supports many of its factual averments with citations to the Unsworn Declaration Under Penalty of Perjury of Moraima Marerro Caballero, Assistant Claims Manager in AIICO's Financial Lines Department (the "Marrero Declaration"). Marina erroneously contends that the court may not take into consideration an unsworn statement when deciding a summary judgment motion. A party may use an unsworn declaration made under the penalty of perjury, in place of a sworn statement, to support or oppose a motion for summary judgment. *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.,* 982 F.2d 686, 689 (1st Cir.1993); *Ayuso–Figueroa v. Rivera–Gonzalez,* 456 F.Supp.2d 309, 315 (D.P.R. 2005). Marina also challenges the Marrero Declaration as "self-serving." Again, Marina's argument misses the mark. A declaration containing relevant information about which the declarant has personal knowledge may appear "self-serving," but is nonetheless competent to support or defeat summary judgment. *Santiago–Ra-*

*mos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 53 (1st Cir.2000); *Cadle Co. v. Hayes,* 116 F.3d 957, 961 n. 5 (1st Cir. 1997); *Nereida–Gonzalez v. Tirado–Delgado,* 990 F.2d 701, 702 (1st Cir.1993). Marina puts forth no facts that cast doubt on Marrero's personal knowledge of the facts or competency to testify at trial. Finally, Marina describes AIICO's documentary evidence as "self-serving" and offers unsupported speculation that AIICO may have other materials that diminish its summary judgment argument. She cannot, however, defeat summary judgment by resting on unsupported speculation and conclusory allegations. *Forestier Fradera,* 440 F.3d at 21.

In contrast to AIICO, Marina failed to comply with Local Rule 56. She submitted no opposing statement of facts. Her memorandum of law contains a section entitled "Controversies Arising from the Alleged Uncontested Facts." Docket No. 63, pp. 2–11. Therein, she attempts to contest some of AIICO's factual statements. She does not, however, admit, deny, or qualify each of AIICO's facts by reference to numbered paragraphs and with citations to the record. Moreover, she offers no testimonial or documentary evidence that actually controverts AIICO's facts. The court, therefore, deems AIICO's material facts admitted.

## II.  Factual & Procedural Background

Marina's complaint alleges that an insurance policy issued by AIICO to Den Carib-

bean provides coverage for the claims she asserts and the damages she seeks. The policy, AIICO Policy No. 024–11636, covered the period between May 15, 2001 and May 15, 2002. Its provisions required the Insured—Den Caribbean—to notify AIICO—the Insurer—of any claims within the policy period or within 30 days after the expiration of the policy period.[2] AIICO did not issue any subsequent policies in favor of Den Caribbean after the expiration of Policy No. 024–11636.

On August 3, 2001, Marina filed a discrimination charge against Den Caribbean with the Anti–Discrimination Unit of the Puerto Rico Department of Labor and cross-filed with the Equal Employment Opportunity Commission ("EEOC"). The administrative charge qualified as a "claim" under the AIICO insurance policy. The EEOC issued a Notice of Right to Sue on August 5, 2004. Marina timely filed her federal court complaint on November 4, 2004. She named Den Caribbean, Denny's Restaurant (Arecibo), Michael Velázquez ("Velázquez"), "Betty Doe Insurance Company," and other fictitious parties, as defendants. Velázquez served as General Manger of the Arecibo Denny's where Marina worked. In August 2006, the court dismissed without prejudice the claims against Den Caribbean due to its filing of a bankruptcy petition. Defendant Velázquez failed to answer the complaint and is currently in default.[3]

**2.**  Policy No. 024–11636 states, one more than one occasion, that the policy covers claims "first made ... during the Policy Period ... and **reported to the Insurer pursuant to the terms of the this policy** ...." Docket No. 57, Exh. 3, Section 1 (emphasis added). The notice and reporting provision of the policy states in pertinent part:

> The Company or Insured shall, as a condition precedent to the obligations of the Insurer under this policy, give written notice

to the Insurer of any Claim made against an Insured as soon as practicable and either: (1) anytime during the Policy Period ...; or (2) within 30 days after the end of the Policy Period ..., as long as such Claim is reported no later than 30 days after such Claim was first made against Insured.
*Id.* at Section 7.

**3.**  The court entered default as to Velázquez on May 2, 2007. *See* Docket No. 62.

At no time prior to January 20, 2006 did AIICO learn of Marina's administrative charge or the federal court complaint. AIICO first received notice of Marina's charges on January 20, 2006 when Den Caribbean transmitted a copy of the complaint to AIICO. Shortly thereafter, on March 10, 2006, AIICO notified Den Caribbean of its decision to deny coverage due to the company's failure to comply with the notice provisions of the policy.

Marina amended her complaint on October 19, 2006 to replace the fictitious insurance company name with the real name, AIICO. She served AIICO with process of January 25, 2007. AIICO now moves for summary judgment.

## II. Discussion

In support of its motion for summary judgment, AIICO asserts that the "claims-made" policy issued to Den Caribbean required the Insured–Den Caribbean–to notify the Insurer–AIICO–of any claims during the effective period of the policy. AIICO contends that the policy does not cover Marina's claims because Den Caribbean did not notify AIICO of her EEOC charge or federal court complaint in accordance with the policy's notice requirements; the Insured first notified the Insurer of Marina's claim on January 20, 2006, more than three years after the policy's May 15, 2002 expiration date. Because Den Caribbean failed to satisfy the policy's notice requirements, AIICO asserts, coverage under the policy was not triggered.[4]

### A. Insurance Contract Interpretation Generally

The Puerto Rico Insurance Code governs insurance contracts in Puerto Rico ("the Insurance Code"). Under the Insurance Code, the court must construe an insurance contract "according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any lawful rider, endorsement, or application attached to ... the policy." P.R. Laws Ann. tit. 11, § 1125; *see also PFZ Props., Inc. v. Gen. Accident Ins. Co.*, 136 D.P.R. 881, 902 (1994); *Metlife Capital Corp. v. Westchester Fire Ins. Co.*, 224 F.Supp.2d 374, 382 (D.P.R.2002). When interpreting contracts, the court must read contract provisions in relation to one another, giving unclear provisions the meaning which arises from considering all provisions together. P.R. Laws Ann. tit. 31, § 3475.[5] The court should assign terms their common meanings, and any term having multiple meanings should be read in the sense that is most suitable to give it effect. P.R. Laws Ann. tit. 31, § 3474.

Under Puerto Rico law, insurance contracts are considered contracts of adhesion that must be liberally interpreted in favor of the insured. *Quiñones Lopez v. Manzano Pozas*, 141 D.P.R. 139, 155 (1996); *Metlife Capital*, 224 F.Supp.2d at 383. More specifically, the Puerto Rico Supreme Court advises that exclusionary language (setting forth circumstances in which the insurance policy does not pro-

---

4. Alternatively, AIICO urges the court to dismiss Marina's request for certain remedies because Policy No. 024–11636 does not afford coverage for those remedies. The court concludes that summary judgment is warranted because the uncontested facts establish that coverage under the policy was not triggered. Consequently, the court need not address AIICO's alternative argument regarding the remedies Marina seeks.

5. When the Insurance Code does not provide an interpretative approach applicable to a particular situation, the court looks to the Puerto Rico Civil Code as a supplemental source of insurance contract interpretation law. *See Casanova v. P.R.-Am. Ins. Co.*, 6 P.R. Offic. Trans. 960, 106 D.P.R. 689 (1978); *González v. John Hancock Mut. Life Ins. Co.*, 927 F.2d 659, 660 (1st Cir.1991).

vide coverage) should be interpreted restrictively in order to comply with the policy's intent of providing coverage to the insured. *Guerrido Garcia v. Univ. Cent. de Bayamón*, 143 D.P.R. 337, 348 (1997); *Nahan v. Pan Am. Grain Mfg. Co.*, 62 F.Supp.2d 419, 424 n. 5 (D.P.R.1999). This general rule, however, does not require courts to interpret a clear and unambiguous clause that favors the insurer in a manner that benefits the insured. *Quiñones Lopez*, 141 D.P.R. at 155, 1996 WL 499244; *González v. Coop. Seguros De Vida De P.R.*, 117 D.P.R. 659 (1986); *Metlife Capital*, 224 F.Supp.2d at 382; *Nahan*, 62 F.Supp.2d at 424 n. 5. When the terms, conditions, and exclusions included in an insurance policy are clear and unambiguous, the court must interpret and enforce the policy in accordance with the will of the parties. *Quiñones Lopez*, 141 D.P.R. at 156, 1996 WL 499244. In the absence of ambiguity, the contract terms bind the parties. *Metlife Capital*, 224 F.Supp.2d at 382.

The court determines, as a matter of law, whether an insurance policy's terms, conditions, and exclusions are clear and unambiguous. *See Littlefield v. Acadia Ins. Co.*, 392 F.3d 1, 10 (1st Cir.2004); *Nahan*, 62 F.Supp.2d at 424 (noting resolution of insurance contract controversy lies within province of court, not jury). In this case, the coverage and notice and reporting provisions of Policy No. 024–11636 are clear and leave no room for differences of interpretation. Consequently, the court must enforce the contract as written.

### B. AIICO Policy No. 024–11636

Marina does not dispute that Policy No. 024–11636 is a claims-made insurance policy. A claims-made policy is an insurance agreement to indemnify the insured against all claims made during a specified period, regardless of when the incidents that gave rise to the claims occurred. *See Mercado–Boneta v. Administracion del Fondo de Compensacion Al Paciente*, 125 F.3d 9, 11 n. 1 (1st Cir.1997) (distinguishing claims-made policy from occurrence policy). In this case, as is generally true with claims-made policies, the relevant policy includes a notification and reporting of claim provision. *See* 7 Couch on Insurance § 102:20 (3d ed.1995) (noting that coverage triggering event under claims-made policy is transmission by insured of notice of claim to insurer). As a condition precedent to coverage, Policy No. 024–11636 required Den Caribbean to provide AIICO with written notice of any claim first made during the policy "as soon as practicable and either (1) ... during the Policy Period ...; or (2) within 30 days after the end of Policy Period...." Docket No. 57, Exh. 3, Section 7, Notice/Claim Reporting Provisions.

The Puerto Rico Supreme Court has explicitly confirmed the validity of claims-made insurance policies containing notice requirements. *See Torres v. Estado Libre Asociado de P.R.*, 130 D.P.R. 640 (1992); *see also Orbi, S.A. v. Calvesbert & Brown*, 20 F.Supp.2d 289, 292 (D.P.R.1998) (translating and discussing portions of *Torres* opinion). The *Torres* court held that claims-made policies do not violate public policy and that the notification requirement is an integral part of the risk foreseen and assumed by the insurance company. If the insured fails to comply with the notice requirement, the court stated, then the insured event does not occur. In such circumstances, the court concluded, the insurance company has no obligation to grant coverage. *See Orbi*, 20 F.Supp.2d at 292 (analyzing *Torres* opinion).

■ The court has deemed admitted all of AIICO's facts. Thus, no genuine issue of material fact persists. Consequently, all that remains for the court to do is apply the aforementioned law to the uncontested facts of this case. AIICO issued a claims-

made policy to Den Caribbean which covered the period from May 15, 2001 and May 15, 2002. Marina filed an administrative charge against Den Caribbean on August 4, 2001 and filed a federal court complaint on November 4, 2004. At no time prior to January 20, 2006 did AIICO receive notification of Marina's administrative charge or the federal court complaint. Timely notification of the claim was a condition precedent to coverage under the policy. Den Caribbean did not timely notify AIICO of Marina's charges. Thus, the insured event (notification) did not occur; insurance coverage, hence, was not triggered. Consequently, AIICO has no obligation to grant coverage under Policy No. 024–11636. AIICO is, therefore, entitled to summary judgment on Marina's claims. AIICO's summary judgment motion is **GRANTED.**[6]

### III.  Conclusion

In light of the foregoing, the court hereby **GRANTS** AIICO's motion for summary judgment (Docket No. 58) and **DISMISSES** all claims against it.

**SO ORDERED.**

---

**6.** The court's ruling on AIICO's summary judgment does not impact her ability to reinstate her claims against Den Caribbean after the bankruptcy stay has been lifted