Jesus F. FERNANDEZ–FERNANDEZ, M.D., Plaintiff,

v.

MUNICIPALITY OF BAYAMON, Hato Tejas Family Health Center, Bayamon Municipal Hospital, Hector D. Fuentes, Vice Major, Dr. Miguel Rodriguez, Medical Director of Hato Tejas Family Center, Ms. Jeannette Santos, Director of Billing Medicare, Defendants.

Civil No. 95–1014CCC.

United States District Court, D. Puerto Rico.

Oct. 16, 1996.

Nicolás Delgado–Figueroa, for plaintiff.

José R. Gaztambide, for defendants.

### OPINION AND ORDER

CEREZO, Chief Judge.

Jesús F. Fernández–Fernández, M.D., filed this action for injunctive relief and damages under the Fourteenth Amendment of the U.S. Constitution, and the Civil Rights Act of 1871, as amended, 42 U.S.C. Sec. 1983. Jurisdiction of the Court is invoked under 28 U.S.C. Sec. 1343. Defendants, Municipality of Bayamón; Hato Tejas Family Health Center; Bayamón Municipal Hospital; Héctor D. Fuentes, Vice Mayor; Dr. Miguel Rodríguez, Medical Director; Dr. Edwin López, Medical Director Hato Tejas Family Center; and Ms. Jeannette Santos, Director of Billing Medicare, have filed a motion (docket entry 19) on April 1, 1996. Plaintiff's opposition to said motion (docket entry 25) was filed on June 21, 1996.

### I. BACKGROUND

Plaintiff signed a contract of employment (Professional Services Contract Number 94000228) (Exhibit No. 3) for one (1) year with the Municipality of Bayamón on May 3, 1993. The contract's duration extended from July 1, 1993 to June 30, 1994.

On or about October of 1993, plaintiff alleges he was ordered by defendant Dr. Edwin López to sign a form requesting to be a member of a group of doctors that was being organized. Plaintiff contends that the purpose of the group was to defraud Medicare and Medicaid, by billing without providing medical services, in violation of 31 U.S.C.A. Sec. 3729 (False Claims Act), as well as 42 C.F.R. 482.12(a)(7) (Conditions of Participation for Hospitals).

He claims that he was threatened with dismissal if he refused to sign the form and that he was accused of convincing other doctors not to join the group. On January 12, 1994 plaintiff's professional service contract was canceled by Vice Mayor Héctor D. Fuentes, co-defendant. He was not given a hearing nor told the reason for the cancellation. He was, however, given the ten (10) day notice provided by clause eight (8) of the contract. The termination letter of January 12, 1994 stated that the professional services contract was being canceled "in accordance with the eighth clause of the contract." Said clause reads as follows:

> EIGHT: TERMINATION—This contract may be terminated before its expiration date by mutual agreement between the parties or with a written notice given within ten (10) days prior to the expiration date of this contract.

He contends that this was "in retaliation because he refused to commit an unlawful act" and also contends that he was denied due process and equal protection under the Fourteenth Amendment of the Constitution of the United States.

Defendants deny any violation of plaintiff's rights, contending that the professional services contract with Fernández was terminable at-will by either party and that they merely exercised a right which they had contractually reserved. They claim that a contract terminable at-will does not create an entitlement or property interest in employment, and, therefore, can be terminated with-

out the protection and procedures of the Due Process Clause.

■ Defendants filed a motion for summary judgment under F.R.C.P. 56(b), which allows a case to be dismissed when there is no genuine dispute over a material fact.[1]

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c); *Pagano v. Frank,* 983 F.2d 343, 347 (1st Cir.1993); *Brennan v. Hendrigan,* 888 F.2d 189, 191 (1st Cir.1989); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 894 (1st Cir.1988).

A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. *Mack v. Great Atlantic and Pacific Tea Co., Inc.,* 871 F.2d 179, 181 (1st Cir. 1989); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A "material fact", which is defined by the substantive law, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. *Mack,* 871 F.2d at 181. In the case at bar, the material fact in question is whether plaintiff had an entitlement of employment, and was therefore owed the safeguards of due process before being terminated. The Court needs to determine whether there is a genuine issue concerning this material fact which would preclude a summary judgment.

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Thereafter, the burden shifts to the non-movant to provide the Court, through the filing of supporting affidavits or otherwise, with "some indication that he can produce the quantum of evidence [necessary] to enable him to reach the jury with his claim." *Hahn v. Sargent,* 523 F.2d 461, 468 (1st Cir.1975). The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed.R.Civ.P. 56(e). Indeed, the non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." *First. Nat. Bank of Ariz. v. Cities Service Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).

## III. DUE PROCESS CLAIM

■ "The applicability of the constitutional guarantee of procedural due process depends in the first instance on the presence of a legitimate 'property' or 'liberty' interest within in the meaning of the Fifth or Fourteenth

---

1. Under Local Rule 311.12, a summary judgment movant must serve and annex to the motion a separate, short, and concise statement of the material facts as to which the movant contends there are no genuine issues to be tried. All material facts set forth in the statement will be deemed admitted unless controverted by the opposing party. *Laracuente v. Chase Manhattan Bank,* 891 F.2d 17, 19 (1st Cir.1989). In his opposition to defendant's motion for summary judgment, plaintiff, in passing, asked the Court to dismiss defendant's Motion to Dismiss and/or for Summary Judgment due to the fact that defendant did not file the annex of uncontested facts.

Defendant claims that he filed the Motion to Dismiss and/or for Summary Judgment under Rule 12(b), and therefore does not have to provide the annex. However, it is clear that defendant's motion is a motion for summary judgment. Naming it Motion to Dismiss and/or for

Summary Judgment is a convenient way to cover all legal bases. Nonetheless, Rule 12(b) and Rule 56 are different rules, with different standards, and different times of appropriate use. The motion before this Court is a motion for summary judgment, which defendant himself concedes in the first page of his motion:

1. Pursuant to this Courts Order in the Initial Scheduling and Case Management Conference held last June 21, 1995, the herein appearing defendants submit their Motion for Summary Judgment and move the Court to grant the present *Motion* pursuant to Rule 56(B) F.R.C.P.

However, due to the fact that defendant has since filed an annex of uncontested facts as specified in Local Rule 311.12, the Court will not dismiss defendant's motion; the motion will be decided on its merits.

Amendment. Governmental deprivation of such an interest must be accompanied by minimum procedural safeguards, including some form of notice and a hearing." *Arnett v. Kennedy,* 416 U.S. 134, 164, 94 S.Ct. 1633, 1649, 40 L.Ed.2d 15 (1974) (Powell, J., concurring).

■■■ "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.... Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). "The hallmark of property, the Court has emphasized, is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'" *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982).

We must decide whether plaintiff had a property interest in continued employment. If he did not have this property right and his contract was terminable at-will, then its cancellation does not give rise to a due process claim. It is important to note that the complaint does not contain a First Amendment claim. There are loose memorandum allegations in briefs and in statements of material facts claiming that plaintiff was retaliated against for disclosing defendant's alleged illegal activities. These allegations, however, are not substantiated by affidavits or by any other evidence. The Court does not have before it any cause of action based on a First Amendment violation, nor does it have any evidence of such violation as part of plaintiff's opposition to defendant's motion for summary judgment.

■■■ *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), makes it clear that although dispositive regarding his due process claim, plaintiff's "... lack of a contractual ... 'right' to re-employment ... is immaterial to his free speech claim." *Id.* at 597–98, 92 S.Ct. at 2698. In the instant case, however, no such First Amendment claim was made. Page four (4) of the complaint states the following:

11. The conduct of defendants, and each of them, deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States.

a) The right of plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

It is clear that plaintiff intended to bring a complaint under due process and equal protection analysis, and not under the First Amendment. This is further evidenced by the fact that plaintiff has not requested an opportunity to amend the complaint so as to include a First Amendment claim. It is not the Court's role to suggest litigation strategies or to create effective arguments for litigants.

■■■ The cause of action in the instant case is framed strictly on 42 U.S.C. Section 1983. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' *Baker v. McCollan,* 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3, 61 L.Ed.2d 433 (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989); and *Baker v. McCollan, supra,* 443 U.S., at 140, 99 S.Ct., at 2692." *Albright v. Oliver,* 510 U.S. 266, 269–271, 114 S.Ct. 807, 811–812, 127 L.Ed.2d 114 (1994). In *Albright,* a First Amendment claim was not identified, and as such, could not be adjudicated. To have done otherwise would make the Court plaintiff's advocate, a role which it is unwilling and unable to adopt. "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the

more generalized notion of "substantive due process," must be the guide for analyzing these claims.' *Graham v. Connor*, 490 U.S., at 395, 109 S.Ct., at 1871." *Albright*, at 273, 114 S.Ct. at 813. A First Amendment violation was not claimed by plaintiff, and therefore, this Court is unable to decide this case under First Amendment analysis.

In *Bishop v. Wood* the Supreme Court held that a property interest in employment may be created by ordinance or implied contract. In any event, the existence of such an interest must be determined by reference to state law. 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). It is essential to analyze plaintiff's contract under the Puerto Rico Law of Contract Interpretation, due to the fact that plaintiff's employment status is dispositive to this cause of action.

## IV. PUERTO RICO LAW OF CONTRACT INTERPRETATION

■■■■ Puerto Rico Civil Code Article 1233 is applicable to the dispute in this case. Article 1233 states:

> If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed. If the words should appear contrary to the evident intention of the contracting parties, the intention shall prevail.

31 L.P.R.A. Sec. 3471 (1991). Article 1233 determines the manner in which courts should interpret contracts under dispute as to the meaning of their terms. The article is strict in its mandate that courts should enforce the literal sense of a written contract, unless the words are somehow contrary to the intent of the parties. *Marina Ind., Inc. v. Brown Boveri Corp.*, 114 D.P.R. 64, 72

(1983); *see also Luce & Co. v. Junta Rel. Trabajo*, 86 D.P.R. 425, 433–437 (1962). For Article 1233 purposes, a term is considered 'clear' when it is sufficiently lucid to be understood to have one particular meaning, without room for doubt. *Sucn. Ramírez v. Tribl. Superior*, 81 D.P.R. 357, 361 (1959); *see Catullo v. Metzner*, 834 F.2d 1075, 1079–80 (1st Cir.1987). Once a court determines that the terms of a contract are sufficiently clear so that only one meaning is possible, the court cannot dwell on the "alleged" intent of the parties at the time they entered into the contract.

■■■ This particular contract contains a termination clause [clause eight (8) ] which is clear, specific, and unambiguous.[2] This clause serves the purpose of allowing either party to terminate the contract, as long as a ten (10) day notice is given to the other party, which can only be interpreted to mean that this is a contract which is terminable at-will by either party.

Plaintiff claims that, although the clause may seem clear, the true intent of the parties is not represented faithfully by the contract's wording, and that the Civil Code places intention over wording. However, "... the clear terms of [a] contract, pursuant to Article 1233, are considered an embodiment of the undisputable intent of the parties as they entered into the contract. Only if the terms of a contract are not clear will courts look elsewhere for evidence of intent." *Hopgood v. Merrill Lynch, Pierce, Fenner & Smith*, 839 F.Supp. 98, 107 (D.Puerto Rico 1993). "Because the term ... is clear, the literal sense of the contract should be enforced and no evidence regarding the alleged intent of the parties should be allowed." *Id.* at 104. "If the Court followed plaintiff['s] interpreta-

---

2. The contract also has another clause, which plaintiff contends contradicts and overrides the termination clause stated below:

FIFTH: NEGLIGENCE OR ABANDONMENT—The negligent performance of his duties by THE DOCTOR, or his abandonment of them will be considered a breach of this contract and will be sufficient cause for the first party to terminate this contract immediately. It is also included in this clause any failure or omission similar to those which presently justify the dismissal of regular employees

under the Law of Personnel and the existing Regulations of the Municipality.

There is no inconsistency or incompatibility between clauses five (5) and eight (8) of the contract. Clause five (5) simply indicates the specific reasons for which the contract can be terminated immediately by the Municipality of Bayamón, without the ten (10) day notice limitation, while clause eight (8) grants **both** parties the right to terminate the contract unilaterally upon giving notice ten (10) days before.

tion of the Civil Code, the utility of contracts would be diminished considerably. Contracts could always be challenged subsequently with mere allegations of a different intent." *Id.* at 107.

The finality, clarity and lack of ambiguity of the terms of this contract is determinative of the parties' intention that the contract was terminable by either one if a ten (10) day prior notice was given.

## V.  EQUAL PROTECTION CLAIM

Besides plaintiff's due process claim, plaintiff also included an equal protection component in his complaint (docket entry 1). However, plaintiff neglected this issue in all subsequent motions and briefs. The facts of this case do not support an equal protection cause of action. Defendant's termination of plaintiff's service contract cannot be classified as discriminatory.

The plaintiff is not part of a suspect class, such as race, and no fundamental right is being affected. Therefore, strict scrutiny is not applicable. The only equal protection test which might be applicable is the "mere rationality test." Under this traditional approach, the classification (or discrimination) is valid if it is "substantially related" to any legitimate government interest. *Mills v. Habluetzel,* 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982). Under this standard, the burden is upon the person attacking the constitutionality of the statute or administrative action to show that the classification is arbitrary and cannot serve a legitimate governmental goal.

Furthermore, in order for plaintiff to prove that a statute, fair on its face, was unfairly applied, it is necessary for plaintiff to show that the application of the statute was driven by "an element of intentional or purposeful discrimination." *Snowden v. Hughes,* 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1944). This "discriminatory purpose is not presumed ... there must be a showing of 'clear and intentional discrimination.'" *Id.* Plaintiff has not met this burden, and therefore, his equal protection claim is meritless.

## VI.  CONCLUSION

In order to succeed in his due process claim, Fernández needs to show that he was denied whatever process was due at the time of his termination. Procedural due process is only due when someone is denied an entitlement, such as 'property' or 'liberty.' Applying the Puerto Rico Law of Contract Interpretation to clause eight (8) of the employment contract in question, it is clear that plaintiff was an employee-at-will of the Municipality of Bayamón. As such, plaintiff did not have an entitlement to employment, and therefore was not owed due process upon termination. Plaintiff has failed to meet the initial burden to prove, as stated in *Celotex,* that he did have an entitlement. As a matter of law, as dictated by the Puerto Rico Law of Contract Interpretation, it is impossible for a jury to conclude otherwise. Summary judgment is granted as to plaintiff's due process claim.

Plaintiff's equal protection argument deserves less consideration than his due process claim. Plaintiff has offered no evidence about his being part of a suspect class, being denied a fundamental right, or being the victim of discriminatory implementation of a fair statute. Once again, plaintiff has failed to meet the initial burden of proof which *Celotex* imposes on him. Summary judgment is also granted as to plaintiff's equal protection claim.

In the instant case, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law" as to plaintiff's due process and equal protection claims. Fed.R.Civ.P. 56(c). Summary judgment is appropriate, and as such, is hereby granted.

SO ORDERED.