**ENTACT SERVICES, LLC, Plaintiff**

v.

**RIMCO, INC., et al., Defendant(s).**

**Civil No. 06–1010(JAG).**

United States District Court,
D. Puerto Rico.

Nov. 30, 2007.

---

3. *United States v. Tavares*, 21 F.3d 1 (1st Cir. 1994)

4. *United States v. Lewis*, 40 F.3d 1325 (1st Cir.1994)

PHV Walter D. James, III, Grapevine, TX, Raul Gonzalez–Toro San Juan, PR, for Plaintiff.

Marie L. Quinones–Tanon, Latimer, Biaggi, Rachid & Godreau, San Juan, PR, Maria Luisa Martinez–Lopez, Avila, Martinez & Hernandez, San Juan, PR, for Defendants.

## OPINION AND ORDER

JAY A. GARCIA–GREGORY, District Judge.

Plaintiff Entact Services, LLC ("Entact")and Defendant Rimco, Inc. ("Rimco") submitted to a binding mediation, which was presided by Magistrate Judge Justo Arenas. Pending before the Court is Magistrate Judge Justo Arenas's recommendation that Entact pay certain monies owed to Rimco. (Docket No. 82). For the reasons set forth below, the Court **MODIFIES** in part and **ADOPTS** in part the Magistrate Judge's Report and Recommendation. (Docket No. 82).

Entact also filed a Motion requesting a rehearing and de novo determination on the objections to the Magistrate Judge's Report and Recommendation. (Docket No. 89). The Court **DENIES** Entact's Motion. In addition, Rimco seeks the imposition of attorneys' fees. (Docket No. 90). The Court **GRANTS** Rimco's request for imposition of attorneys' fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Entact is a Texas company with its principal place of business in Grapevine, Texas and Rimco, a heavy equipment provider, is a Puerto Rico corporation with its principal place of business in San Juan, Puerto Rico. Entact was hired to provide several services related to the restoration of the Juncos Landfill Superfund Site in Juncos, Puerto Rico. To complete the restoration of the Juncos Landfill Superfund Site, Entact rented thirteen pieces of equipment from Rimco.

On November 19, 2003, Entact sent three Purchase Orders("POS") to Rimco. The POS are numbered 1079, 1059.1 and 1059.1.1. The POS state the equipment to be rented, the quantities needed, and the terms of payment. All three POS state in the section of Terms and Conditions in pertinent part that: "Payment will be made on actual quantities measured; Monthly Rates are based on 200 hours operation per month; Taxes are included in the monthly rate; should a rented unit be down for repairs beyond one operational day, the monthly rate will de pro-rated." Furthermore, the POS state that the: "Routine maintenance is included with the monthly rental as per Rimco's quotation dated 11/18/03." (See Stipulated Documents No. 1).

Rimco and Entact then entered into written agreements ("Rental Contracts") for the thirteen pieces of heavy equipment. The Rental Contracts stated that the rental rates would be calculated in daily, weekly and monthly periods. Namely, clause 14 and 16 of the Rental Contracts state that:

14. If the equipment is returned prior to the expiration period, the weekly or daily rental will be used to compute the early return adjustments.

16. All the equipment used in excess of the regular hours specified in this con-

tract (daily, weekly and 100HRS Period 28 days/no accumulative), will be charged at ———— per hour for the additional hours used. (See Stipulated Documents Number 1 A through M).

In addition, verbal contracts for four additional pieces of equipment were made by Entact in accordance with the agreements reached in November 2003. (See Stipulated Documents Number 3).

Rimco billed Entact every 28 days for all of the rented pieces of equipment. The invoices sent to Entact stated the rates for the equipment in daily, weekly and 28 day periods. Said invoices did not contain any meter readings. Entact paid various invoices for the total amount of $615,964.03.

On January 1, 2006, Entact filed the present complaint alleging that Rimco overcharged it for the use of the heavy equipment. Entact avers that contrary to the specified terms of payment it was not billed on actual meter readings based on hourly usage fees. Specifically, Entact contends that it has been over-billed in the amount of $354,511.50. Entact states that Rimco charged it $759,388.88 for the equipment lease and that as of April 11, 2007 it had paid Rimco $615,964.03. According to Entact, Rimco should have charged $404,877.38. As such, Entact seeks reimbursement for $211,086.65 that it has allegedly overpaid Rimco. (Docket No. 78).

Rimco filed a counterclaim against Entact alleging that the parties had agreed that payment for the equipment lease would be made by a monthly rate. Rimco states that the sum of $615,964.03 corresponds to the number of months each machine was rented. Rimco avers that Entact owes it $118,669.12 for the rental of the equipment and the interest accumulated as of July 31, 2005 which amounts to $29,024.62. Rimco also contends that the

monies owed continue to accrue interest in the sum of $1,187.69 monthly and/or $39.58 a day until complete payment is made.

In addition, Rimco asserts that Entact executed a contract of purchase for the equipment "Hoe Hand Hyd. Excavator" but breached its obligation as to the payment of the purchase price. Consequently, Rimco alleges that Entact owes it $3,800 for this equipment and the interest accumulated as of July 31, 2006, which amounts to $874.00. Rimco states that the amount owed with regards to the "Hoe Hand Hyd. Excavator" continues to accrue interest in the sum of $38.00 monthly and/or $1.26 per day until complete payment is made. (Docket No. 43).

On June, 27, 2006, Entact filed a motion requesting that the case at bar be resolved at mediation. (Docket No. 31). Rimco opposed said request. (Docket No. 33). Nonetheless, this Court referred this case to mediation.

On March 28, 2007, Entact and Rimco submitted to a binding mediation process before Magistrate Judge Justo Arenas to determine liability with regards to their monetary claims. On that date, the parties informed Magistrate Judge Justo Arenas that they agreed to submit their claims on stipulated and non-stipulated documents for the Magistrate Judge to determine liability and damages. (Docket No. 79). Based on said stipulation, on July 17, 2007 Magistrate Judge Justo Arenas issued a Report and Recommendation.

In the Report and Recommendation, the Magistrate Judge followed Puerto Rico state law and examined the parties contemporaneous and subsequent acts to the contract to assess their intention as to whether the rental rate was to be based on the equipments' usage or on a daily, weekly or monthly rate.[1] Magistrate Judge Justo Arenas determined that Entact

---

1. In Puerto Rico it is well settled law that if     the "the terms of a contract are clear and

clearly understood that according to the contract between it and Rimco, it was going to be charged at a daily, weekly or monthly rate. Accordingly, the Magistrate Judge recommended that Entact should pay the following amounts to Rimco:

1. Thirty outstanding invoices for a total of $118,669.12 plus $42,284.95 for the interest accrued until July 17, 2007 which equaled $160,954.07. In addition, the Magistrate Judge determined that this amount would continue to accrue interest at a rate of $38.32 per day until Entact pays Rimco.

2. Regarding the Hoe Hand Hyd. Excavator, Entact was to pay $3,800 plus $1311.75 for the interest accrued until July 17, 2007 which amounted to $5,111.75. The Magistrate Judge also concluded that this sum would continue accruing interest at a rate of $1.25 per day until Entact paid Rimco. (Docket No. 82).

On July 25, 2007, Entact filed several objections to Magistrate Judge Justo Arenas' Report and Recommendation, which can be reduced to three main objections. First, Entact objected to any findings of fact or conclusions of law that are based on non-stipulated documents.

Second, Entact contends that the Magistrate Judge erred in determining the intention of the parties because the contract between it and Rimco was clear in that the rental charge was to be based on the usage rate of the machines. Entact avers that its POS and not Rimco's Rental Agreement is the contract between the parties. Thus, according to Entact, the POS established that the payment of the equipment rentals was based on actual hour usage.

Specifically, the POS stated that the payment would be "made on actual quantities measured." As such, Entact contends that the POS provided the pricing and terms of payment and that Rimco's Rental Agreement complements the POS and merely defines when an "excessive usage" fee kicks in.

Third, Entact avers that there was no need to delve into the intention of the parties since the sole issue before the Court was whether Rimco's Rental Contracts are a novation or superseded Entact's POS. Entact states that it sent Rimco several POS and that Rimco sent back its Rental Contract. As such, Entact contends that the contract was formed under the terms of the POS. According to Entact, the Rental Contract is not a novation of the agreement with Rimco nor does it supersede the POS. Entact alleges that the Rental Contract could be considered as "modificatory" novation of the agreement with Rimco because the terms and conditions of the Rental Contract are not inconsistent with the terms of the POS. Furthermore, Entact contends that pursuant to Section 2.207 of the UCC, which has not been adopted in Puerto Rico, the Rental Contract can be considered as a "proposal for addition to the contract." (Docket No. 83).

On August 9, 2007, Rimco responded to Entact objections. Rimco alleges that Magistrate Judge Justo Arenas was correct in basing its recommendation on stipulated and non-stipulated documents. Rimco asserts that the parties agreed to submit their claims to Magistrate Judge Justo Arenas on stipulated and non-stipulated documents for the Magistrate Judge to determine liability.

leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed." 31 P.R. Laws Ann. § 3471. However, when the language is not clear, the intention of the contracting parties needs to be considered. *Id.* In order to determine the intention of the parties, the Court can take into consideration the parties' contemporaneous and subsequent acts to the contract. 31 P.R. Laws Ann. § 3472.

Furthermore, Rimco contends that the rental of the equipment was to be determined on a daily, weekly and monthly basis. Rimco avers that nothing in the documents that the parties provided mentioned anything which would indicate that the equipment would be based on the meter readings or hourly usage.

Rimco also contends that the "novation theory" argument proffered by Entact is inapplicable in the present case. Rimco alleges that the novation theory only applies when there are subsequent agreements between the parties, which may modify or extinguish their previous obligation. According to Rimco, in the case at bar, the POS do not contradict the Rental Contract. (Docket No. 86).

Entact also filed a motion requesting a rehearing and de novo determination on the objections to the Magistrate Judge's Report and Recommendation. Essentially, Entact request that this Court grant it another hearing so that it may present further evidence in support of its theory. (Docket No. 89). Rimco opposed Entact's request for a rehearing and requested that the Court impose payment of attorney's fees against Entact because it was obstinate in requesting another hearing. (Docket No. 90).

### STANDARD OF REVIEW

1. *Standard for Reviewing a Magistrate-Judge's Report and Recommendation*

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. *See Alamo Rodriguez v. Pfizer Pharmaceuti-*

*cals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." *United States of America v. Mercado Pagan,* 286 F.Supp.2d 231, 233 (D.P.R.2003)(quoting 28 U.S.C. §§ 636(b)(1)). If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." *Rivera de Leon v. Maxon Eng'g Servs.,* 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, "the district court can assume that they have agreed to the magistrate's recommendation." *Alamo Rodriguez,* 286 F.Supp.2d at 146(quoting *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985)).

### DISCUSSION

The Court will discuss all three of Entact's objections and engage in a *de novo* determination of the Magistrate Judge's findings and recommendations. Moreover, the Court will address Entact's request for another hearing to provide the Court with additional evidence. In addition, Rimco request for attorneys fees will be discussed. However, the Court will not address Entact's argument that pursuant to Section 2.207 of the Uniform Commercial Code ("UCC") the Rental Contract can be considered as a "proposal for addition to the contract." In the present case, this Court has subject matter jurisdiction based on diversity of citizenship.[2] *See* 28

---

**2.** Jurisdiction in this case is premised on 28 U.S.C. § 1332 which mandates that the parties be domiciled in different states and that the claim exceed $75,000.00. "Diversity of

Jurisdiction exists only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S.

U.S.C. § 1332. Therefore, Puerto Rico substantive law will be applied to determine liability. *Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Century Packing Corp. v. Giffin Specialty Equip. Co.,* 438 F.Supp.2d 16, 25 (D.P.R.2006). Accordingly, section 2.207 of the UCC, which has not not been adopted in Puerto Rico, will not be discussed for purposes of determining liability.

### 1. *Magistrate Use of Non–Stipulated Documents*

■ Entact contends that the Magistrate Judge Justo Arenas erred in utilizing non-stipulated documents in reaching its conclusions in the Report and Recommendation. However, Entact's contention is mistaken.

On November, 28, 2007, a mediation hearing was held before Magistrate Judge Justo Arenas in which both Entact and Rimco agreed to submit the issues in the case at bar upon stipulated and non stipulated documents. The November 28, 2007 hearing was recorded in a minute entry, which specifically states that the: "[t]he parties attempted to have meaningful settlement negotiations but decided to submit the matter on stipulated and non-stipulated documents for Judge Arenas to determine liability and damages, if any." (Docket No. 79). Both parties complied with said agreement and provided the Court with the stipulated and non-stipulated documents. As such, Enact's objection is meritless.

Entact cannot now come before this Court and object to the fact that the Magistrate Judge utilized non-stipulated documents. Furthermore, this Court finds that Entact misled the Court in proffering this objection because it was an attempt by Entact to override the agreement reached by the parties in the November 28, 2007 hearing. Moreover, this Court holds that Entact was obstinate in filing this objection.[3]

### 2. *Equipments' Unit of Measure*

■ Entact contends that the rental rate of the equipment that Rimco provided should be based on the actual hour usage of the equipment, which could be ascertained from the machined meters. Contrary to Entact's contention, Rimco alleges that the contract between it and Entact clearly established that the equipments' Unit of Measure is on a monthly basis. In order to determine the Unit of Measure in this case, the Court will examine the POS and the Rental Contract in accordance with Puerto Rican contract law.

As mentioned above, "the substantive law of Puerto Rico governs the instant diversity action based on Puerto Rican contract law." *P.C.M.E. Commer. S.E. v. Pace Mbrshp. Warehouse,* 952 F.Supp. 84, 88 (D.P.R.1997)(quoting *Erie,* 304 U.S. at 78, 58 S.Ct. 817.). Article 1223 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3471, determines the manner in which a court should interpret contracts that are in dispute with respect to the meaning of its terms. *Borschow Hosp. & Medical Supplies, Inc. v. Cesar Castillo, Inc.,* 96 F.3d 10, 15 (1st Cir.1996)(quoting *Hopgood v. Merrill Lynch, Pierce, Fenner & Smith,*

---

267, 2 L.Ed. 435 (1806); *Gabriel v. Preble,* 396 F.3d 10, 13 (1st Cir.2005). In the instant case, there is complete diversity among the parties because Entact is a Texas company and Rimco is a Puerto Rico corporation and the claim exceeds $75,000.

**3.** "A party shall be found obstinate if it engages in actions which (a) make necessary litigation which could have been avoided, (b) prolongs the litigation unnecessarily, or (c) requires the other party to incur expenses in the pursuit of avoidable tasks." *Newell Puerto Rico, Ltd. v. Rubbermaid, Inc.,* 20 F.3d 15, 24 (1st Cir.1994).

839 F.Supp. 98, 104 (D.P.R.1993)). Article 1223 provides as follows: "[i]f the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed. If the words should appear contrary to the evident intention of the contracting parties, the intention shall prevail." 31 P.R. Laws Ann. § 3471.

■ "[A]n agreement is clear when it can be understood in one sense alone, without leaving any room for doubt, controversies or difference of interpretation ..." *Borschow Hosp. & Medical Supplies, Inc. v. Cesar Castillo, Inc.*, 96 F.3d at 15(quoting *Executive Leasing Corp. v. Banco Popular de P.R.*, 48 F.3d 66, 69 (1st Cir.1995)). To be clear the contract has to be "sufficiently lucid to be understood to have one particular meaning ..." *Hopgood v. Merrill Lynch, Pierce, Fenner & Smith,* 839 F.Supp. at 104; *Franceschi v. Hospital General San Carlos,* 326 F.Supp.2d 257, 264 (D.P.R.2004).

■ "Once a court determines that the terms of a contract are sufficiently clear so that only one meaning is possible, the court cannot dwell on the 'alleged' intent of the parties at the time they entered into the contract." *Fernandez–Fernandez v. Municipality of Bayamon,* 942 F.Supp. 89, 94 (D.P.R.1996). "When an agreement leaves no doubt as to the intention of the parties, a court should not look beyond the literal terms of the contract." *Vulcan Tools of Puerto Rico v. Makita U.S.A., Inc.,* 23 F.3d 564, 567 (1st Cir.1994)(internal quotations omitted).

■ In addition, it is important to note that when interpreting contracts, the Court must read contract provisions in relation to one another, giving unclear provisions the meaning which arises from considering all provisions together. 31 P.R. Laws Ann. § 3475; *Marina Aguila v. Den Caribbean, Inc.,* 490 F.Supp.2d 244, 248 (D.P.R.2007). The Court should assign

terms their common meanings, and any term having multiple meanings should be read in the sense that is most suitable to give it effect. 31 P.R. Laws Ann. § 3474; *Marina Aguila,* 490 F.Supp.2d at 248.

In the case at bar, the terms and conditions in the Rental Contract and the POS are clear and do not contradict each other. Namely, the Terms and Conditions of the POS state in pertinent part that: "Payment will be made on actual quantities measured; Monthly Rates are based on 200 hours operation per month; Taxes are included in the monthly rate; should a rented unit be down for repairs beyond one operational day, the monthly rate will de pro-rated." Furthermore, said POS state that the: "Routine maintenance is included with the monthly rental as per Rimco's quotation dated 11/18/03." (See Stipulated Document No. 1). Moreover, both parties stipulated in the Rental Contract that the rental rate was to be $256.00 per day, $767.00 per week and $2,300 per month(28 days). In addition, the Rental contract contains the following clauses:

14. If the equipment is returned prior to the expiration period, the weekly or daily rental will be used to compute the early return adjustments.

16. All the equipment used in excess of the regular hours specified in this contract (daily, weekly and 100HRS Period 28 days/no accumulative), will be charged at —— per hour for the additional hours used. (See Stipulated Documents Number 1 A through M).

Entact's contends that the POS which state that the: "Payment will be made on actual quantities measured" established that the rental rate for the use of the equipments leased from Rimco was to be at an hourly usage rate. However, in accordance with the Puerto Rican Civil Code, specifically, 31 P.R. Laws Ann. § 3475, said clause must be interpreted in conjunc-

tion with all the other provisions found in the POS and the Rental Contracts between Entact and Rimco. All of the above mentioned clauses in the POS and Rental Contracts refer to a daily, weekly and monthly (28 day) rate. None of the above mentioned clauses state that the rental rate is calculated on the hourly usage rate of the machines. Furthermore, nothing in the documents that the parties provided mention anything which would indicate that the equipment would be based on the meter readings or hourly usage. Accordingly, this Court holds that the POS clause which reads as follows: "Payment will be made on actual quantities measured" means that Entact is responsible for paying Rimco in accordance with the rental rates established by them which are $256.00 per day, $767.00 per week and $2,300 per month(28 days).

In the case at bar, the terms of a contract are sufficiently clear so that only one meaning is possible: that the rental rate of the equipment that Rimco provided to Entact was to be calculated on a daily, weekly, and monthly basis. As such, it is not necessary to delve on the "alleged" intent of the parties at the time they entered into the contract.[4] Therefore, this Court rejects Entact's contention that the equipments rental rate should be based on the actual hour usage of the equipment.

Thus, the Court modifies the basis of Magistrate Judge Justo Arena's Report and Recommendation but adopts the amounts awarded to Rimco. It is important to note that the Magistrate Judge interest award was based on the interest accrued until July 17, 2007. This Court will award Rimco the interest accrued until November 30, 2007.

### 3. Novation

■ In Entact's third objection to the Report and Recommendation issued by Magistrate Judge Justo Arenas, Entact essentially argues that the sole issue before the Court was whether Rimco's Rental Contracts are a novation or superseded Entact's POS. Entact alleges that the POS and not the Rental Contract was the agreement that established the rental rate of the equipment provided by Rimco and that the Rental Contract was only a "modificatory novation" to the POS. Rimco avers that the novation theory is not applicable to the case at bar. This Court agrees with Rimco's contention.

The Civil Code of Puerto Rico provides that subsequent agreements entered into between contracting parties may modify or extinguish their previous obligations. "Novation" can be accomplished by either changing the object and/or the principal conditions of existing obligations. 31 P.R. Laws Ann. § 3241. "The Civil Code of Puerto Rico recognizes two types of novations: extinctive and modificatory." *Nieves Domenech v. Dymax Corp.*, 952 F.Supp. 57, 61 (D.P.R.1996).

■ "An extinctive novation extinguishes the old obligation and creates a new one". "In contrast, a modificatory novation simply modifies, but does not extinguish, the original agreement." *Id.* For an extinctive novation to occur, the parties must expressly declare their intention that the new obligation extinguishes the previous one. *Marina Indus. Inc. v. Brown Boveri Corp.*, 114 D.P.R. 64, 70–77 (1983); *Nieves–Domenech*, 952 F.Supp. at 61; *Ballester Hermanos v. Campbell Soup Co.*, 797 F.Supp. 103, 107 (D.P.R.1992). In the absence of an express declaration, novation

---

4. Once a court determines that "the terms of a contract are sufficiently clear so that only one meaning is possible, the court cannot dwell on the 'alleged' intent of the parties at the time they entered into the contract." *Fernandez–Fernandez v. Municipality of Bayamon*, 942 F.Supp. 89, 94 (D.P.R.1996).

is appropriate only when the two obligations are absolutely incompatible. *Francisco Garraton, Inc. v. Lanman & Kemp–Barclay & Co.,* 559 F.Supp. 405, 407 (D.P.R.1983). In other words, there must be a radical change in the nature between the new and old obligation so as to make them mutually exclusive. *Web Serv. Group v. Ramallo Bros. Printing,* 336 F.Supp.2d 179, 183 (D.P.R.2004)

In the present case, the POS and the Rental Contract do not constitute subsequent agreements. They are both part of an agreement executed by Entact and Rimco in which they stipulated that the rental rate of the equipment provided by Rimco was to be calculated on a daily, weekly and monthly basis. Since, this Court finds that there are no separate and subsequent agreements between Rimco and Entact, the novation theory is inapplicable.

### 4. *Motion Requesting a Rehearing to Present Additional Evidence*

■ Entact is also requesting that this Court grant it a rehearing so that it may present further evidence in support of its contentions. Rimco opposes Entact's request. For the reasons stated below, Entact's request for a rehearing is denied.

■ Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(b), "absent objection by the plaintiffs, the district court ha[s] a right to assume that plaintiffs agree[ ] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985). Moreover, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *see also Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–51 (1st Cir.1994)(The Court held that objections are required when challenging

findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings.); *Lewry v. Town of Standish,* 984 F.2d 25, 27 (1st Cir.1993)(The Court stated that: "objection to a magistrate's report preserves only those objections that are specified."); *Keating v. Secretary of H.H.S.,* 848 F.2d 271, 275 (1st Cir.1988); *Borden v. Secretary of H.H.S.,* 836 F.2d 4, 6 (1st Cir. 1987)(The Court held that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised.").

■ Clearly, the objections that defendants do not raise at the Magistrate level are deemed waived; only those objections that are claimed are preserved and the *de novo* review is applicable only as to those specific objections raised. *See Davet v. Maccarone,* 973 F.2d at 30–31. In addition, new arguments, or new known evidence, are to be excluded as reconsideration arguments originally available to movant at the time of the submission to the Magistrate Judge. *See Rosario Rivera v. Puerto Rico Aqueduct & Sewers Auth.,* 331 F.3d 183, 193 (1st Cir.2003). A defendant is barred from rendering the argument because he who chooses to "sits in silence, withholds potentially relevant information, allows his opponent to configure the summary judgment record, and acquiesces in a particular choice of law does so at his peril." *Vasapolli v. Rostoff,* 39 F.3d 27, 36 (1st Cir.1994).

Entact is not entitled to by-pass the mandate of the applicable Federal Rules and the Local Rules. Clearly, the objections that Entact did not raise at the Magistrate level are deemed waived; only those objections that are claimed are preserved and *de novo* review is applicable only as to those specific objections raised. The Court has addressed all of the objec-

tions that Entact filed under the appropriate *de novo* review standard.

Furthermore, Entact is barred from presenting new arguments, or new known evidence that was not provided to Magistrate Judge Justo Arenas. Both parties agreed to submit to mediation and filed two folders with stipulated and non-stipulated documents which were used by the Magistrate Judge to reach his conclusions in the Report and Recommendation. Entact cannot now come before this Court and expect it to bypass both the Federal and Local Rules and allow it to present new evidence. Furthermore, granting another hearing would be a waste of time and would cause the other litigants unnecessary expense and delay. Therefore, Entact's request for a rehearing is denied.

### 5. Attorney's Fees

■ Since jurisdiction of this case is based on diversity of citizenship, the Court must apply the substantive law of the Commonwealth of Puerto Rico to the issue of attorneys' fees. *Correa v. Cruisers, a Div. of KCS Int'l, Inc.,* 298 F.3d 13, 30 (1st Cir.2002)(citing *Grajales–Romero v. Am. Airlines, Inc.,* 194 F.3d 288, 301 (1st Cir. 1999)); *Fajardo Shopping Ctr., S.E. v. Sun Alliance Ins. Co. of Puerto Rico,* 167 F.3d 1, 14 (1st Cir.1999). It is well established that Puerto Rico's Civil Procedure Rule 44.1(d) is substantive for *Erie* doctrine purposes. *Fajardo Shopping Ctr., S.E.,* 167 F.3d at 14; *Servicios Comerciales Andinos, S.A. v. Gen. Elec. Del Caribe, Inc.,* 145 F.3d 463, 478 (1st Cir.1998).

■ Rule 44.1(d) provides that "[i]n the event any party or its lawyers has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct." 32 L.P.R.A.App. III, R. 44.1(d); *Top Entertainment, Inc. v. Torrejon,* 351 F.3d 531, 533 (1st Cir.2003). "A

finding of obstinacy requires that the court determine a litigant to have been unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." *Correa,* 298 F.3d at 30; *Puerto Rico Telephone Co., Inc. v. U.S. Phone Mfg. Corp.,* 427 F.3d 21, 33 (1st Cir.2005). Specifically, "[a] party shall be found obstinate if it 'engages in actions which (a) make necessary litigation which could have been avoided, (b) prolongs the litigation unnecessarily, or (c) requires the other party to incur expenses in the pursuit of avoidable tasks.'" *Top Entertainment Corp.,* 349 F.Supp.2d 248 at 251 (quoting *Newell Puerto Rico, Ltd. v. Rubbermaid, Inc.,* 20 F.3d 15, 24 (1st Cir. 1994)).

■ "Obstinacy is to be judged in light of the overall circumstances of the particular case." *Correa,* 298 F.3d at 30(The Court found that a court should look at the case's "personality" in evaluating obstinacy.); *Fajardo Shopping Ctr.,* 81 F.Supp.2d 331 at 334). If the court concludes that a party has been obstinate, the assessment of attorneys' fees and legal interest is mandatory. *Id.; Fajardo Shopping Ctr., S.E.,* 167 F.3d at 14.

In the present case, Rimco seeks the imposition of attorneys' fees pursuant to Rule 44.1(d) on the grounds that Entact was obstinate when it filed a frivolous motion to request another hearing to provide the Court with additional evidence to support its theory. The overall "personality" of the case at hand lends itself to the conclusion that Entact's conduct was obstinate or frivolous. Specifically, as mentioned above, Entact's decision to object to Magistrate Judge Justo Arenas on the basis that the Magistrate Judge used non-stipulated documents is misleading and frivolous. Furthermore, Entact's request

that this Court grant another hearing to receive additional evidence was also obstinate. It was another attempt by Entact, in addition to the afore mentioned objection, to override the agreement the parties reached, in which they stipulated that the Magistrate Judge was to determine liability and damages based solely on the stipulated and non-stipulated documents submitted. (See Docket No. 79).

In sum, the Court can conclude that Entact was "unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation" and that its conduct resulted in "wasting time and causing the court and the other litigants unnecessary expense or delay." *De Leon Lopez,* 931 F.2d at 126. Rimco has cited a sufficient incident of misconduct to permit a finding of obstinacy. *See Puerto Rico Tele. Co., Inc.,* 427 F.3d at 33("Factual findings of specific instances of misconduct, taking into account the overall character of the litigation, are required to support a finding of obstinacy mandating the award of attorney fees under Puerto Rican law.") Accordingly, Rimco's motion for the imposition of attorneys' fees under Rule 44.1(d) is hereby granted.

### 6. *The Hoe Hand Hyd. Excavator*

Finally, it is important to note that in conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). *See Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir. 1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). Hence, the Court may accept those parts of the report and recommendation to which the Defendant does not object. *See Hernandez–Mejias v. General Elec.,* 428 F.Supp.2d 4, 6 (D.P.R.2005)(citing *LaCedra v. Donald W. Wyatt Detention Facility,* 334 F.Supp.2d 114, 125–126 (D.R.I.2004)).

Entact did not object to the Magistrate Judge's conclusion that for the Hoe Hand Hyd. Excavator it owed $3,800 plus $1311.75 for the interest accrued until July 17, 2007, which equated to $5,111.75. The Magistrate Judge also concluded that this amount would continue accruing interest at a rate of $1.25 per day until Entact paid Rimco. As such, the Court accepts this part of the Report and Recommendation, which Entact did not object to.

### CONCLUSION

For the reasons stated above, the Court the Court **MODIFIES** in part and **ADOPTS** in part the Magistrate Judge's Report and Recommendation. (Docket No. 82). Based on the foregoing Entact is ordered to pay Rimco the following amounts:

1. Thirty outstanding invoices for a total of $118,669.12 plus $47,496.47 for the interest accrued until November 30, 2007. The grand total is $166,165.59. This amount will continue accruing interest at a rate of $38.32 per day until Entact has paid Rimco.

2. For the Hoe Hand Hyd. Excavator Entact is to pay $3,800 plus $1481.75 for the interest accrued until November 30, 2007 which equates to $5,281.75. This amount will continue accruing interest at a rate of $1.25 per day until Entact has paid Rimco.

Furthermore, the Court **DENIES** Entact's Motion requesting a rehearing. (Docket No. 89). In addition, the Court **GRANTS** Rimco's request for imposition of attorneys' fees. Judgement shall be entered accordingly.

Additionally, this Court orders Rimco to comply with Fed.R.Civ.P. 54(d)(2)(b). Accordingly, Rimco must file a motion specifying: 1) the grounds for the award of attorney's fees (i.e. judgement in this case)

and 2) the amount sought. Regarding the amount sought, Rimco must take into consideration that the Court finds that Entact's obstinacy commenced when it filed its objections to Magistrate Judge Justo Arenas's Report and Recommendation. Rimco must file its Fed.R.Civ.P. 54(d)(2)(b) motion no later than fourteen (14) days after the entry of judgement for this case.

IT IS SO ORDERED.