**GRUPO CATALAN DE INVERSIONES, S.A.,**
**Plaintiff,**

v.

**GRUPO CUPEY, INC.,**
**et al., Defendants.**

**Civil No. 01–1009 (JAG).**

United States District Court,
D. Puerto Rico.

May 12, 2003.

---

Francisco A. Besosa, Adsuar, Muniz, Goyco & Besosa, Nestor Duran–Gonzalez, Veronica Ferraiuoli–Hornedo, McConnell Valdes, Nelson Robles–Diaz, San Juan, PR, Marcos E. Lopez, Hato Rey, PR, Rosanna T. Cerezo, Law Offices of Benny Frankie Cerezo, Rio Piedras, PR, for plaintiff.

Benny F. Cerezo, Magda C. Morales–Torres, Law Offices of Benny Frankie Cerezo, Rio Piedras, PR, Francisco A. Rosa–Silva, Juan J. Hernandez–Lopez–de–V, Juan A. Ortiz–Cotto, Rosa Silva, Rosa Domenech & Hernandez Lopez de Victoria, PSC, San Juan, PR, for defendants.

Francisco A. Rosa–Silva, Juan J. Hernandez–Lopez–de–V, Rosa Silva, Rosa Domenech & Hernandez Lopez de Victoria, PSC, San Juan, PR, for third-party plaintiff.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On November 15, 2002, defendant American International Insurance Company of Puerto Rico ("AIICO") moved to dismiss plaintiff Grupo Catalan de Inversiones, S.A.'s ("Grupo Catalan") claims for collection of money, foreclosure of mortgage funds, and breach of contract under Puerto Rico State law, as well as cross-claimant Grupo Cupey, Inc.'s ("Grupo Cupey") claim of breach of performance obligation (Docket No. 64). On December 19, 2002, Grupo Catalan and Grupo Cupey filed an opposition (Docket No. 69). For the reasons discussed below, the Court **grants** AIICO's motion to dismiss.

## FACTUAL BACKGROUND[1]

On July 15, 1998, Citibank, N.A. ("Citibank") and Grupo Cupey entered into a loan agreement (the "agreement") in which Citibank agreed to make available to Grupo Cupey a line of credit for the maximum amount of $4,556,500.00 for the development and construction of sixty walk-up units in Las Cuevas Ward, Trujillo Alto, Puerto Rico (the "Project"). Pursuant to the agreement, Citibank advanced to Grupo Cupey the amount of $3,187,981.83. To secure the obligation, Grupo Cupey issued a promissory note, and various mortgage notes and security agreements in favor of Citibank. Grupo Cupey hired Juncos AL to construct and develop the project.

On July 6, 1998, AIICO issued a performance bond (the "bond") for the amount of $3,700,000.00 for the benefit of Grupo Cupey in case of default by Juncos AL. On

---

1. The Court culls the facts relevant to plaintiff's claims against AIICO from the complaint

(Docket No. 1).

the same date, AIICO issued a "dual obligee rider to performance & payment bond" (the "rider"), recognizing Citibank as the lender and giving it the same rights that Grupo Cupey has under the bond in case of default or non-performance by Juncos AL. Juncos AL failed to perform according to its responsibilities in that the workmanship and supervision of the project was deficient and below the standards imposed by the construction codes, and failed to hire the necessary number of skilled workers to construct, develop, and supervise the project adequately. Subsequently, after its default, Juncos AL abandoned the project without having completed the delivery of the apartment units promised to Grupo Cupey.

Despite various requests by Citibank, Grupo Cupey failed to repay the loan, and Citibank declared due and accelerated the payment on the full amount of the loan. Due to Juncos AL's non-performance, Citibank requested payment from AIICO on several occasions, pursuant to the terms of the bond and its rider. On October 6, 2000, Citibank gave AIICO notice of its intention to initiate legal proceedings if it did not receive payment in full.

## PROCEDURAL BACKGROUND

On January 3, 2001, Citibank filed this action against Grupo Cupey, AIICO, and Ramon MacCrohon ("MacCrohon"), as guarantor of Citibank's loan to Grupo Cupey. On March 29, 2001, Grupo Cupey and MacCrohon answered the complaint and filed a cross-claim against AIICO and a counter-claim against Citibank (Docket No. 12). On November 14, 2001, Citibank assigned the agreement to Grupo Catalan, and on December 14, 2001, moved for its substitution in the case by Grupo Catalan, pursuant to Fed.R.Civ.P. 25(c) (Docket No. 25). On February 6, 2002, AIICO filed a third-party complaint against Juncos AL,

Juan Ramon Garcia Patron, Nydia Enid Gonzalez, the legal partnership constituted between them, and AL Auto Sales, Inc. (Docket No. 34). On February 12, 2002, Citibank, Grupo Cupey, and MacCrohon filed a joint motion announcing that they had reached a settlement agreement (Docket No. 36). The parties also requested dismissal with prejudice of Citibank's claims against Grupo Cupey and MacCrohon (*Id.*). On April 16, 2002, the Court granted Citibank's request to be substituted by Grupo Catalan (Docket No. 43). On April 17, 2002, the Court entered partial judgment dismissing with prejudice all of Citibank's claims against Grupo Cupey and MacCrohon (Docket No. 46).

## DISCUSSION

### A. Motion to Dismiss Standard

Pursuant to Fed.R.Civ.P. 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiff is responsible for putting his best foot forward in an effort to present a legal theory that will support his claim. *Id.* at 23 (*citing Correa–Martinez*, 903 F.2d at 52). Plaintiff must set forth

"factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

### B. *AIICO's Motion to Dismiss.*

#### 1. *Grupo Catalan's Claims.*

AIICO seeks dismissal of Grupo Catalan's claims on three grounds: (1) that the bond precludes Grupo Catalan from litigating the claim inasmuch as the bond and rider limit AIICO's liability to Citibank and Grupo Cupey; (2) that the bond and rider expressly preclude a claim against AIICO for any of Grupo Cupey's financial obligations to Citibank or Grupo Catalan; and (3) that Citibank failed to comply with conditions precedent set forth in the bond and rider in order to bring suit, namely, that the action should be brought within one year after the date Juncos AL last performed work on the project, and the action is thus barred. Because the Court finds that AIICO is not liable to Grupo Catalan insofar as the bond and its rider limit its liability to Citibank and Grupo Cupey, it need not discuss the remainder of AIICO's arguments.

The relevant provision of the rider states that "[n]o right of action shall be[sic] accrue on this bond to or for the use or benefit of any person or corporation other than the Owner and the Lender [therein] named." (Docket No. 64, Exh. B). The Owner being specified as Grupo Cupey and the Lender as Citibank. AIICO argues that, because the rider specifically limits its liability to Citibank and Grupo Cupey, Grupo Catalan, as Citibank's assignee, has no right of action against it under the rider's terms. The Court agrees.

On the issue of security, the Puerto Rico Civil Code states that "[b]y security a person binds himself to pay or perform for a third person in case the latter should fail to do so." P.R. Laws Ann. 31 § 4871. However, "[a] surety may bind himself to less but not to more than the principal debtor as to quantity as well as to the burden of the conditions." P.R. Laws Ann. 31 § 4875. "Security is not presumed; it must be express and cannot be extended further than that specified therein." P.R. Laws Ann. 31 § 4876.

The Puerto Rico Supreme Court, in some instances, has moved away from a strict construction of surety bonds and towards a more liberal interpretation. *See A.L. Arsuaga, Inc. v. La Hood Const., Inc.,* 90 P.R.R. 101, 117, 90 D.P.R. 104, 121 (1964). The cases where the Supreme Court has expressed this tendency, however, involved considerations not present in this case. Mainly, they dealt with claims instituted by workers or suppliers seeking payment from the surety company for wages and materials. *See, e.g., Id.* (Where the language of the surety bond was extended to include the contractor's obligation to suppliers.); *Cristy & Sanchez v. El Estado Libre Asociado,* 84 P.R.R. 226, 234, 84 D.P.R. 234, 244 (1961) ("Regarding a public works bond, it may be said that, contrary to the general assumption, the liberal or strict construction is controlling ... as long as the obligation to pay is maintained within the contract limits, that is, that it does not cover materials or labor which are not necessary or are not used directly in the work.") Furthermore, these cases were decided under the General Specifications for the Contracting of Public Works adopted on March 14, 1946, which "require a bond to secure 'the prompt payment of labor, equipment, and materials necessary for the execution of the work,'" *Id.* at 229, 84 D.P.R. at 238, and involved contracts with the Commonwealth of Puerto Rico. The driving force behind this reasoning appears to be a de-

sire to protect the state against suits for payment of wages and materials.

Because the aforementioned elements are not present in this case, the Court finds that a strict construction is applicable. "Considering the above, we are obliged by the Civil Code to construe the agreement strictly in favor of the guarantors, Defendants." *Lawrence Systems, Inc. v. Ramirez De Arellano,* 415 F.Supp. 54, 59 (D.P.R.1976). "The prevailing doctrine, that this type of bond should be liberally construed in its beneficiary's favor does not go against the preceding conclusion. This principle is not a carte blanche for the judicial power to discard covenants and agreements between parties." *Municipality De San Juan v. Stadium & Coliseum Operators, Inc.,* 13 P.R. Offic. Trans. 629, 632–3, 113 D.P.R. 490, 494 (1982) (citations omitted).

Strictly construed, then, the bond and its rider can only be understood as imposing liability against AIICO only in favor of the entities named therein, Citibank and Grupo Cupey. As the surety can bind itself to a lesser degree than the principal, P.R. Laws Ann. 31 § 4875, it can limit its liability to a specific creditor, as was done here. Grupo Catalan is not specifically named as creditor in the bond or its rider. Although Citibank could transfer its cause of action against Grupo Cupey or Juncos AL, it could not do so as to AIICO. Therefore, Grupo Catalan does not have the right to any claims against AIICO and they must be dismissed. The Court need not go any further.

2. *Supplemental Jurisdiction Over Grupo Cupey's Cross–Claim And AIICO's Third Party Complaint.*

Having dismissed Grupo Catalan's claims against AIICO, no federal claims to ground jurisdiction remain in this case insofar as no diversity exists between the parties with pending claims. Moreover, Grupo Cupey had presented its claims against AIICO and Juncos AL before the Puerto Rico State Courts prior to the filing of this complaint and these actions are still pending.

Therefore, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise its supplemental jurisdiction over Grupo Cupey's cross-claims and AIICO's third-party complaint. Accordingly, the Court dismisses these claims without prejudice.

## CONCLUSION

For the foregoing reasons, the Court **grants** AIICO's motion to dismiss and **declines** to exercise its supplemental jurisdiction over the remaining claims. Accordingly, the Court dismisses Grupo Catalan's claims with prejudice. Grupo Cupey's cross-claims and AIICO's third-party complaint are dismissed without prejudice.

IT IS SO ORDERED.