**CONSTRUCTORA ANDRADE GUTIERREZ, S.A.,**
**Plaintiff**

v.

**AMERICAN INTERNATIONAL INSURANCE COMPANY OF PUERTO RICO, Defendant–Third Party Plaintiff**

v.

**C & M Constructora, S.A., Third Party Defendant.**

**Civil No. 99–1811(JAG).**

United States District Court,
D. Puerto Rico.

July 13, 2005.

Jaime Brugeras–Cernuda, Maria T. Figueroa–Colon, Muñoz Boneta Gonzalez Arbona, Benitez & Peral, San Juan, PR, for Plaintiffs.

Francisco A. Rosa–Silva, Rosa Silva, Rosa Domenech & Hernandez Lopez de Victoria, PSC, San Juan, PR, for Defendants/Third–Party Plaintiffs.

Ivan R. Fernandez–Vallejo, Rodriguez & Fernandez, San Juan, PR, for Third–Party Defendant.

## MEMORANDUM AND ORDER

GARCIA–GREGORY, District Judge.

On September 22, 2000, American International Insurance Company of Puerto Rico ("AIICO") filed a third-party complaint against C & M Constructora, S.A. ("C & M"), claiming that C & M was obligated to indemnify it for any disbursements or payments it made pursuant to the terms of a performance bond (Docket No. 34). On April 12, 2004, AIICO moved for summary judgment on its third-party complaint against C & M (Docket No. 107). On May 7, 2004, C & M filed its opposition (Docket Nos. 111–112). For the reasons discussed below, the Court **GRANTS** AIICO's motion for summary judgment.

## DISCUSSION

On May 6, 1996, AIICO issued a performance bond (the "bond") to secure certain obligations of C & M towards Constructora Andrade Gutierrez ("CAG") and, ultimately, the Government of Haiti. On August 19, 1996, C & M entered into an Agreement of Indemnity (the "agreement") with AIICO, whereby the former assumed an indemnity obligation towards the latter for any disbursements, expenses, costs, and attorneys' fees paid due to the issuance of the bond or the enforcement of the agreement. On August 27, 1996, C & M, through corporate resolution, ratified the terms of the agreement.

On July 19, 1999, CAG filed this suit and, following several procedural incidents, on February 26, 2003, the Court granted its motion for summary judgment, finding AIICO liable to CAG in the amount of one million four-hundred seven thousand dollars ($1,407,000). AIICO now seeks reimbursement from C & M, pursuant to the terms of the agreement, for any amounts it is ordered to pay CAG as a result of this litigation.

C & M's only argument is that the bond was meant to satisfy its portion of the Joint Venture obligations to the Government of Haiti under the May 6, 1996 construction contract between the Republic of Haiti and the CAG–C & M Joint Venture in the event of default. Thus, because it claims that no default occurred,

C & M argues that none of the conditions necessary to trigger its obligation to indemnify AIICO pursuant to the terms of the agreement are present.

■ After careful review of the record, the Court finds that, contrary to C & M's contention, neither the bond nor the agreement contain language to condition its obligation to the event of default. On the contrary, both the bond and the agreement contain explicit language characterizing C & M's liability as unconditional.

■ First, the bond clearly states that it is "an *irrevocable* and *unconditional* guarantee ... as a bond regarding compliance on the part of the contractor with his [sic] *obligations before* [CAG] in conformity with the stipulations of the contract dated May 6, [1996]." (Docket No. 111, Exh. 4)(emphasis added). Second, the agreement clearly states that the

> Principals and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety *from and against any and all liability for losses and/or expenses of whatsoever kind or nature* and from and against any and all such losses and/or expenses which the surety may sustain or incur: (1) By reason of having executed or procured execution of the Bonds, (2) By reason of the failure of the Principals or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement.

(Docket No. 107, Exh. C)(emphasis added). Even if it was C & M's intent to condition its liability to the event of default, the terms of the documents that it signed and later ratified clearly state otherwise. "Once a court determines that the terms of

a contract are sufficiently clear so that only one meaning is possible, the court cannot dwell on the 'alleged' intent of the parties at the time they entered into the contract." *Fernandez–Fernandez v. Municipality of Bayamon,* 942 F.Supp. 89, 94 (D.P.R.1996). "When an agreement leaves no doubt as to the intention of the parties, a court should not look beyond the literal terms of the contract." *Vulcan Tools of Puerto Rico v. Makita U.S.A., Inc.,* 23 F.3d 564, 567 (1st Cir.1994)(*citing Marina Ind. Inc. v. Brown Boveri Corp.,* 114 D.P.R. 64, 72, 114 D.P.R. Offic. Trans. 86, 97–8 (1983); *Catullo v. Metzner,* 834 F.2d 1075, 1079 (1st Cir.1987)).

Therefore, the Court finds that, pursuant to the terms of the agreement, C & M is obligated to indemnify AIICO for any disbursements made to CAG as well as any costs and attorneys' fees resulting from this litigation.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** AIICO's motion for summary judgment. Judgment shall enter accordingly.

IT IS SO ORDERED.