**INTIMATE FASHIONS, INC., Plaintiff**

**v.**

**EL TELAR, INC., et al., Defendant(s).**

**Civil No. 06–1204 (JAG).**

United States District Court,
D. Puerto Rico.

April 10, 2008.

Eugene F. Hestres–Rodriguez, Eugene F. Hestres–Velez, Bird, Bird & Hestres, Old San Juan, PR, for Plaintiff.

Liz M. Cruz–Jimenez, Ricardo Pizarro, Pizarro Law Firm, P.SC., Carlos Lugo–Fiol, Saldana, Saldana–Egozcue & Vallecillo, PSC, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Plaintiff Intimate Fashion, Inc.'s ("Plaintiff") Motion for Summary Judgment, (Docket Nos. 45 and 46), and Co–Defendant United Surety & Indemnity Company's ("USIC") Cross Motion for Partial Summary Judgment. (Docket Nos. 63, 64, and 65). For the reasons set forth below, the Court **DENIES** the pending Motions.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is the owner and lessor of a 28,000 square-feet building in Las Piedras, Puerto Rico, which Co–Defendant El Telar ("Telar") leased. On July 1, 2003, both parties entered into a lease agreement for the property located at Las Piedras Industrial Park. Telar leased the aforementioned property in order to establish a warehouse facility for the business it is engaged in.

The lease agreement expired on June 30, 2006. However, on February 28, 2005, Telar vacated the building. Upon vacating the building prior to the date agreed, Plaintiff filed the present complaint against Telar and its bond company USIC[1] for breach of contract and collection of monies for the rent owned.[2] (Docket No. 1).

Telar then filed a counterclaim against Plaintiff indicating that the leased building did not meet government standards and requirements. Furthermore, Telar stressed that the building was not approved as a warehouse facility for lack of a water sprinkling system as required by the Fire Department.

Moreover, Telar contends that under the lease agreement Plaintiff was responsible for the structural repairs of the leased building. Telar further alleges that Plaintiff increased the rent payment to cover the costs of installing the water sprinkler system. However, according to Telar, Plaintiff never installed the sprinkler system[3] and, as a result, a Fire Department permit was never issued. Additionally, Telar avers that due to the lack of a water sprinkler system, the Regulations and Permits Agency ("ARPE") never issued a use permit for the leased building.

Furthermore, Telar alleges that the Department of Health subsequently ordered it to cease operations because an order to close the building was forthcoming. Telar contends that as a result of said order it had to vacate the lease building and relocate to a new facility with additional costs. Telar is requesting the damages suffered from Plaintiff's alleged breach of contract.[4] (Docket No. 10).

On October 1, 2007, Plaintiff filed a Motion for Summary Judgment with its Statement of Uncontested Facts and attached

---

1. Plaintiff is claiming the amount owed by Telar to Co–Defendant USIC because USIC provided a bond, that indicates that it is indebted to Plaintiff in the principal amount of $15,000. Moreover, Plaintiff claims USIC violated its contractual obligations as guarantor. (Docket No. 22).

2. Jurisdiction here is predicated on 28 U.S.C. § 1332 because Plaintiff is a corporation organized and existing under the laws of the State of New York and Defendants USIC and Telar are both corporations organized under the laws of the Commonwealth of Puerto Rico. Furthermore, Plaintiff's claims exceed $75,000.

3. Telar avers that it engaged in good faith efforts to prepare a blue print for the installation of the sprinkler system. (Docket No. 1).

4. In its counterclaim, Telar also supports its damage claims under the unjust enrichment doctrine and under equity. (Docket No. 10).

memorandum of law. (Docket Nos. 45 and 46). On November 9, 2007, the Opposition by Telar was filed. (Docket Nos. 61 and 62). On that date, USIC filed a Cross–Motion for Partial Summary Judgment. (Docket Nos. 63, 64 and 65). On November 30, 2007, the Response/Reply, as well as the Opposition to Cross–Motion were filed, upon leave of Court. (Docket Nos. 82, 83 and 85). These Motions were referred to a Magistrate Judge for a Report and Recommendation. (Docket No. 87).

On March 3, 2008, the Magistrate Judge issued a Report and Recommendation. Regarding Plaintiff's Motion for Summary Judgment, the Magistrate Judge concluded that the parties statements of contested and uncontested facts present irreconcilable conflicts of material facts which are not susceptible of resolution by summary disposition. The Magistrate Judge noted that both sides were able to present evidence favorable to their position. The Magistrate Judge stated that whether Plaintiff complied with its obligation to fix certain water leakages in the roof of the leased property and whether Plaintiff or Telar was responsible for the installation of the fire prevention system was in issue. As a result, the Magistrate Judge recommended that this Court deny Plaintiff's Motion for Summary Judgment.

The Magistrate Judge also recommended that this Court deny USIC's Cross Motion Cross–Motion for Partial Summary Judgment. In the Report and Recommendation, the Magistrate Judge noted that USIC alleged that since there is a dispute regarding which party breached its contractual obligation, it merely holds an accessory and subsidiary liability, one which derives from the principal obligation it guaranteed. Furthermore, the Magistrate Judge stated that USIC deposited $15,000, the total amount of the bond, with the Court, pending resolution of the case as to Telar. However, the Magistrate Judge stressed that USIC refused to release the full amount of the bond deposited to Plaintiff inasmuch as it reserved its right to contest liability and submit defenses attributable to the principal.

After considering the above mentioned facts, the Magistrate Judge determined that pursuant to Puerto Rico contract law, USIC liability in the instant claim is capped at $15,000.[5] The Magistrate Judge noted that the bond was drafted to cover "payment of rent only" and, therefore, USIC would only be liable for Telar's delinquent payments, not any property taxes or insurance premiums due.[6] However, USIC would only be liable if there is a finding that Plaintiff has an actionable claim under the bond. Furthermore, the Magistrate Judge stated that having Plaintiff also claimed interest against USIC,[7] and having the latter already deposited with the Court the funds for which it may be found liable, interest or attorney's fees would attain solely if there is a determination that USIC acted with rashness or temerity mostly referred

---

5. A surety can bind itself to a lesser degree than the principal and limit its liability to a specific creditor. *Grupo Catalan De Inversiones, S.A. v. Grupo Cupey, Inc.,* 261 F.Supp.2d 83, 87 (D.P.R.2003)(citing P.R. Laws Ann. 31 § 4875).

6. "[W]hen the text of the bond agreement is clear, or the true meaning of its clauses can be easily discerned, the courts should adhere to its text." *Patent Constr. Sys. v. Puerto Rican Am. Ins. Co.,* No. 05–1033 PG, 2007 WL 2007948, 2007 U.S. Dist. LEXIS 48781 (D.P.R. July 5, 2007)(internal citations and quotations omitted).

7. Plaintiff contends that USIC was obstinate and, as such, should be jointly and severally liable together with Telar for attorney's fees, and pre-judgment interest. (Docket No. 22).

as an obstinate party.[8]

Nonetheless, the Magistrate Judge recommended that USIC's Motion be denied because USIC is also seeking summary disposition on the grounds that there is no actionable claim against it since Telar could cancel the aforementioned lease agreement for breach or non-compliance of its obligations by Plaintiff. According to the Magistrate Judge, such contentions raise genuine issues of material fact in controversy that lead to the recommendation that Plaintiff's Motion for Summary Judgment be denied. (Docket No. 90).

On March 17, 2008, USIC filed an objection to the Magistrate Judge's Report and Recommendation. USIC seeks to dismiss Plaintiff's bad faith claim against it. (Docket No. 93). On April 3, 2008, Plaintiff objected to the Report and Recommendation. Plaintiff contends that in the case at bar there are no genuine issues of material facts and this Court should enter Summary Judgment granting its complaint and dismissing Telar's counterclaim. Plaintiff further avers that this Court should not dismiss the bad faith claims against USIC. (Docket No. 96).

## STANDARD OF REVIEW

### 1) *Summary Judgment Standard*

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See also Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52. (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See* Fed. R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49 (1st Cir. 2000).

---

**8.** Rule 44.1 of the Puerto Rico Rules of Civil Procedure provides that: "In the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct." P.R. Laws Ann. 32 App. III, R. 44.1(d). Federal courts apply Rule 44.1(d) where Puerto Rico law supplies the basis for decision in a diversity case. *Grajales–Romero v. Am. Airlines, Inc.*, 194 F.3d 288, 301 (1st Cir.1999).

Likewise "[i]n a diversity case in which the substantive law of Puerto Rico supplies the basis of decision, a federal court must give effect to Rule 44.3(b) of the Puerto Rico Rules of Civil Procedure." *Fajardo Shopping Center, S.E. v. Sun Alliance Ins. Co. of Puerto Rico,* 167 F.3d 1, 14 (1st Cir.1999). Rule 44.3(b) of the Puerto Rico Rules of Civil Procedure mandates the imposition of prejudgment interest "on the party that has acted rashly."

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." *Id.* at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

2) *Standard for Reviewing a Magistrate–Judge's Report and Recommendation*

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. *See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R.2003). The adversely affected party may "contest the Magistrate Judge's report and recommen-

dation by filing objections 'within ten days of being served' with a copy of the order." *United States of America v. Mercado Pagan*, 286 F.Supp.2d 231, 233 (D.P.R.2003) (quoting 28 U.S.C. §§ 636(b)(1)). If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." *Rivera de Leon v. Maxon Eng'g Servs.*, 283 F.Supp.2d 550, 555 (D.P.R.2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" however, if the affected party fails to timely file objections, " 'the district court can assume that they have agreed to the magistrate's recommendation'." *Alamo Rodriguez*, 286 F.Supp.2d at 146 (quoting *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985)).

**Discussion**

USIC requests that this Court modify the Report and Recommendation issued by the Magistrate Judge and dismiss the attorneys' fees and pre-judgment interest claim against it. In support of this contention, USIC avers that: "USIC can hardly be considered an obstinate litigator when its principal is endowed with actionable defenses; when Telar has stated repeatedly, and under oath, that there is no debt toward Plaintiff; when the alleged debt toward Plaintiff is still undetermined; and when, even before a finding of liability from the part of its principal, USIC put before this Court's custody the penal sum of the Bond."

Since jurisdiction in the case at bar hinges on diversity, this Court must analyze whether under Puerto Rico law Plaintiff's attorney's fees and pre-judgment interest claims against USIC should be summarily disposed. *Grajales–Romero v. Am. Airlines, Inc.*, 194 F.3d 288, 301 (1st

Cir.1999)(Where Puerto Rico law supplies the basis for decision in a diversity case Federal courts apply Rule 44.1(d) to determine whether attorney's fees should be awarded.); *Fajardo Shopping Center, S.E. v. Sun Alliance Ins. Co. of Puerto Rico,* 167 F.3d 1, 14 (1st Cir.1999)(In a diversity case, such as here, in which the substantive law of Puerto Rico supplies the basis of decision, a federal court must give effect to Rule 44.3(b) of the Puerto Rico Rules of Civil Procedure when addressing a pre-judgment interest claim.).

Rule 44.1 of the Puerto Rico Rules of Civil Procedure provides that: "In the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct." P.R. Laws Ann. 32 App. III, R. 44. 1(d). Obstinacy is at the center of the 44. 1(d) inquiry. *Dopp v. Pritzker,* 38 F.3d 1239, 1252 (1st Cir.1994). A litigant may be found obstinate if he was "unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." [9] *Id.* at 1253. Even though the degree of the party's obstinacy is the most important factor in determining whether attorney's fees are warranted; other factors should be taken into consideration including the nature of the litigation, the difficulty of issues involved, and the efforts and abilities of the attorneys. *Correa v. Cruisers, a Div. of KCS Int'l, Inc.,* 298 F.3d 13, 31 (1st Cir. 2002).

Likewise, obstinacy is the most important factor in deciding whether to award pre-judgment interest. Rule 44.3(b) of the Puerto Rico Rules of Civil Procedure mandates the imposition of pre-judgment interest "on the party that has acted rashly." The primary purpose of this rule is "to impose a penalty upon a losing party that because of his stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation." *Gutierrez v. Am. Int'l Ins. Co.,* 380 F.Supp.2d 44 (D.P.R.2005)(citing *Vicente Fernandez Marino v. San Juan Cement Co.,* 118 D.P.R. 713, 18 P.R. Offic. Trans. 823, 830 (1987)). "[T]he imposition of . . . prejudgment interest is obligatory once the district court makes a threshold finding that a party has acted with obstinacy." *Fajardo Shopping Center, S.E.,* 167 F.3d at 14.

We interestingly note that "[o]bstinacy is to be judged in light of the overall circumstances of the particular case." *Correa v. Cruisers, a Div. of KCS Int'l, Inc.,* 298 F.3d 13, 31 (1st Cir.2002); *see also Dopp,* 38 F.3d at 1253 (finding that a court should look at the case's specific "personality" when evaluating obstinacy). It is clear that in the case at bar, USIC deposited in this Court the full amount of the $15,000 bond. However, it refused to release the full amount of the bond deposited to Plaintiff inasmuch as it reserved its right to contest liability and submit defenses attributable to the principal.[10]

**9.** "A party shall be found obstinate if it 'engages in actions which (a) make necessary litigation which could have been avoided, (b) prolongs the litigation unnecessarily, or (c) requires the other party to incur expenses in the pursuit of avoidable tasks.' " *Correa v. Cruisers, a Div. of KCS Intern., Inc.,* 125 F.Supp.2d 578, 582 (D.P.R.2000)(quoting *Newell Puerto Rico, Ltd. v. Rubbermaid Inc.,* 20 F.3d 15, 24 (1st Cir.1994)).

**10.** On November 9, 2007, USIC filed a "Motion to Deposit Amount of the Bond" in which it requested to deposit $15,000, the total

■ To determine at this stage of the proceedings that USIC was not obstinate would be premature. A perusal of the record demonstrates that there are genuine issues of material fact in controversy since the parties have proffered evidence and arguments in their favor. Currently, there are several genuine issues of material fact, among them is included the following: whether Plaintiff was obligated to install a fire prevention system and, as a result, Plaintiff increased the rent to pay for said system, or whether it was Telar who had the sole responsibility of complying with the rules and regulations of the government authorities. Furthermore, whether Plaintiff complied with its obligation to repair the roof leakages in the leased building is an issue. The Magistrate Judge noted this and recommended that Plaintiff and USIC's Motions for Summary Judgment be denied.

We must evaluate whether USIC was obstinate taking into consideration the overall profile and juncture of this litigation. At this stage of the proceedings, due to existing genuine issue of material facts we cannot ascertain whether USIC engaged in actions which make necessary litigation which could have been avoided, prolonged the present case unnecessarily, or required Plaintiff to incur expenses in the pursuit of avoidable tasks. As previously stated, such a finding at this point in time would be premature.[11] Consequently, this Court rejects USIC's request to modify the Report and Recommendation.

Plaintiff argued in its objection that its Motion for Summary Judgment should be granted. However, as mentioned previously, there are several genuine issues of material fact. Thus, this Court must deny Plaintiff's request for summary disposition. As such, upon de *novo* review, this Court agrees with the Magistrate Judge's finding that the pending Motions for Summary Judgment are premature. The moving parties here have failed to show the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. Consequently, this Court shall adopt the Magistrate Judge's Report and Recommendation in its entirety.

## CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation, (Docket No. 90), in its entirety and, accordingly, **DENIES** the pending Motions for Summary Judgment. (Docket Nos. 45, 46, 63, 64, and 65).

IT IS SO ORDERED.

---

amount of the aforementioned bond. In addition, USIC stated that the deposit was "being made without waiving any defense available to USIC or its principle, codefendant El Telar, Inc." (Docket No. 60). Said motion was subsequently granted by this Court. (Docket No. 78).

11. For example, this Court cannot determine now whether USIC's decision to refuse the release of the full amount of the bond deposited and instead file the pending Cross–Motion for Summary Judgment constituted obstinate behavior.